Submitted on record and briefs December 30, 1988, award of attorney fees to defendant vacated; reversed and remanded for further proceedings May 10, 1989

# MULLENS,
*Appellant,*
*and*

# WRIGHT,
*Plaintiff,*

*v.*

# L. Q. DEVELOPMENT, OREGON LTD,
*Respondent.*

## (87-205-CV; CA A49118)

772 P2d 1379

Agnes Mullens, Eugene, filed the briefs *pro se* for appellant.

Reginald R. Davis and Brandsness, Brandsness & Davis, P.C., Klamath Falls, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this construction lien case, Mullens (plaintiff) appeals a judgment granting L. Q. Development's (defendant)[1] motion to dismiss for failure to commence the action within the time limits established by ORS 87.055 and ORS 12.020.[2] We reverse and remand.

Plaintiff is the assignee of four construction liens that were filed against defendant on March 9, 1987. She filed a complaint to foreclose the liens on July 6, 1987. On July 7, summons was served on defendant's registered agent by certified mail without a return receipt. Defendant filed a request for production of documents on July 16. On August 5, it moved to dismiss the complaint for insufficient service of process. That motion was granted by letter opinion on August 31, and an order was entered on November 24. Plaintiff filed an amended complaint, which was personally served on defendant's registered agent on September 9 by the sheriff. The trial court entered a default order against defendant for failure to answer the amended complaint. A default judgment was never entered. Defendant then filed a motion to set aside the default order and a motion to dismiss the amended complaint for failure to commence the action within the time limits established by ORS 87.055.

---

[1] Mullens and Wright were both plaintiffs in the trial court. Only Mullens appealed. Although there were several other defendants named in the action who were dismissed, plaintiff appeals only from the judgment as to L. Q. Development.

[2] ORS 87.055 provides, in relevant part:

"No lien created under ORS 87.010 shall bind any improvement for a longer period than 120 days after the claim of lien is filed unless suit is brought in a proper court within that time to enforce the lien * * *. For purposes of this section:

"(1) Subject to subsection (2) of this section, a suit to enforce the lien shall be deemed commenced as provided in ORS 12.020."

ORS 12.020 provides:

"(1) Except as provided in subsection (2) of this section, for the purpose of determining whether an action has been commenced within the time limited, an action shall be deemed commenced as to each defendant, when the complaint is filed, and the summons served on the defendant, or on a co-defendant who is a joint contractor, or otherwise united in interest with the defendant.

"(2) If the first publication of summons or other service of summons in an action occurs before the expiration of 60 days after the date on which the complaint in the action was filed, the action against each person of whom the court by such service has acquired jurisdiction shall be deemed to have been commenced upon the date on which the complaint in the action was filed."

The trial court granted defendant's motion to dismiss, stating:

"A lien created under ORS 87.010 may not 'bind any improvements for a longer period than 120 days after the lien is filed unless suit is brought * * * within that time to enforce the lien * * *.' ORS 87.055. A suit to enforce a lien is deemed commenced when the complaint is filed *unless* the summons is not served within 60 days thereafter in which case the suit is deemed commenced when the summons is served. ORS 87.055(1), 12.020.

"Here, the lien was filed March 9, 1987; the complaint was filed July 6, 1987; and valid summons was served September 9, 1987. Since valid summons was not served within 60 days of the complaint being filed, the suit is deemed commenced when the summons was served. Since this date is more than 120 days after the lien was filed, Plaintiffs have not commenced the action within the time limited by ORS 87.005." (Emphasis in original.)

A final judgment dismissing the amended complaint was entered. In a separate order, the trial court also granted defendant's motion to set aside the default order on the ground that plaintiff had failed to give defendant the 10-day notice required by *former* ORCP 69B(2).

Plaintiff contends that the trial court erred in holding that summons had not been served until September 9 and argues, instead, that the action was commenced on July 6, within the statutory time limit, by service of its original complaint by mail on defendant's registered agent. Defendant does not contend that its registered agent did not receive the summons. Rather, it contends that the service was invalid, because plaintiff failed to request a return receipt in compliance with ORCP 7D(2)(d).

ORCP 7 provides, in relevant part:

"D.(1) Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of

this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; substituted service by leaving a copy of summons and complaint at a person's dwelling house or usual place of abode; office service by leaving with a person who is apparently in charge of an office; *service by mail;* or, service by publication.

"* * * * *

"D.(2)(d)   Service by mail, when required or allowed by this rule, shall be made by mailing a true copy of the summons and a true copy of the complaint to the defendant by certified or registered mail, return receipt requested.

"* * * * *

"D.(3)(e)   Upon any general partnerships by personal service upon a partner or any agent authorized by appointment or law to receive service of summons for the partnership.

"* * * * *

"G.   * * * The court * * * shall disregard any error in the content of or service of summons that does not materially prejudice the substantive rights of the party against whom summons was issued." (Emphasis supplied.)

Service by mail on a partnership's authorized agent is not a prescribed method of service under ORCP 7D(3)(e) and, therefore, the service in this case is not presumptively valid. *See Lake Oswego Review v. Steinkamp,* 298 Or 607, 611, 613, 695 P2d 565 (1985). A plaintiff may, however, serve a defendant by another method if it is reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.[3] ORCP 7(D)(1); *Lake Oswego Review v. Steinkamp, supra,* 298 Or at 613-14. ORCP 7(D)(1)

---

[3] The commentary to ORCP 7 states, in part:

"The basic standards of adequacy of service of summons is [sic] set forth in the first sentence of ORCP 7D.(1). Succeeding portions of the rule provide ways in which service may be made and how these ways may be used for particular defendants, including conditional preferences. The particular methods, however, are methods which *may* be used. The rule does not require them to be used. Compliance with the specified methods of service is presumed to be service reasonably calculated, under all the circumstances, to apprise the defendant of the pendency of the action and to afford a reasonable opportunity to appear and defend. Other methods of service might accomplish the same thing." *Council on Court Procedures,* Staff Comment to Rule 7, *reprinted in* Merrill, *Oregon Rules of Civil Procedure: 1984 Handbook* 22-23 (1984). (Emphasis in original.)

provides that service may be made by mail. Here, the service was not made by an invalid method, as was the case in *Jordan v. Wiser,* 302 Or 50, 726 P2d 365 (1986). We conclude that it was "reasonably calculated" to give defendant notice of the action, because the summons was mailed to the registered agent, the person authorized by law to receive it.

Defendant's only contention is that the service should be found inadequate because there was no return receipt affixed to the mailing. Although ORCP 7D(2)(d) provides that service by mail shall be made with a return receipt, that requirement is for the benefit of the plaintiff and the court by providing proof that the defendant has been served. A defendant does not benefit from it. A letter with a return receipt may be signed for by someone other than the addressee and, therefore, the existence of a return receipt does not guarantee the notice function of a summons. In fact, it has no effect on that notice function. Unlike the unauthorized service in *Jordan v. Wiser, supra,* which the Supreme Court held was "no service of summons," the omission here is a "mere defect" in service. 302 Or at 58. It does not nullify the service or negate our conclusion that the service was reasonably calculated to apprise defendant of the action.

Defendant also has not shown that it has been materially prejudiced by plaintiff's failure personally to serve defendant's registered agent personally or to request a return receipt. *See* ORCP 7G. It is clear from defendant's filing of a request for production of documents that it was not prejudiced. In view of that fact, we disregard plaintiff's error in the service of summons and hold that the service was adequate under ORCP 7. *See Lake Oswego Review v. Steinkamp, supra,* 298 Or at 614-15; *Murray and Murray,* 88 Or App 143, 145, 744 P2d 1005 (1987).

The action was commenced within the 120 days allowed by statute, and the trial court erred in entering the judgment dismissing plaintiff's complaint.

Plaintiff's second assignment of error challenges the trial court's setting aside a default "judgment." The record establishes that only a default order as to the amended complaint was entered, not a judgment. Given our conclusion that the original complaint should not have been dismissed, what followed in the trial court was a nullity. Plaintiff was not

prejudiced when the court set aside a default on a complaint that was time-barred.

Because of our disposition of this case, the award of attorney fees to defendant as prevailing party is vacated.

Award of attorney fees to defendant vacated; reversed and remanded for further proceedings not inconsistent with this opinion.