Argued and submitted November 1, 1989, the decision of the Court of Appeals affirmed and the judgment of the circuit court affirmed November 26, 1990

## Laverne Watts EDWARDS,
*Petitioner on Review,*

*v.*

## Ernest Jackson EDWARDS,
*Respondent on Review.*

(TC 16-85-06382; CA A48610; SC S36265)

801 P2d 782

Ira L. Gottlieb, Portland, argued the cause for petitioner on review. With him on the petition were Lawrence D. Gorin, Portland and Keller, Gottlieb & Gorin, Portland.

John G. Cox, Eugene, argued the cause for respondent on review.

Before Peterson, Chief Justice, and Linde, Carson, Jones, Gillette, Van Hoomissen and Fadeley, Justices.**

FADELEY, J.

** Linde J., retired January 31, 1990; Jones, J., resigned April 30, 1990.

## FADELEY, J.

Plaintiff relies on service by certified mail, return receipt requested, addressed to an individual defendant's Nevada post office box, to constitute sufficient service of summons and complaint in an Oregon action. That mail was not delivered to defendant but was, instead, returned to plaintiff by the postal authorities rubber-stamped "UNCLAIMED." The Court of Appeals affirmed a circuit court judgment dismissing the complaint because of insufficient service. *Edwards v. Edwards,* 96 Or App 623, 773 P2d 809 (1989). We affirm.

Plaintiff filed her complaint *pro se* in August of 1985.[1] Plaintiff's testimony at an evidentiary hearing, held to determine the sufficiency of the mailed service, disclosed that she knew of the opportunity to serve defendant by personal service in California during September of 1985. The trial court found that personal service could have been undertaken in California but was not attempted. Instead, plaintiff mailed the summons and complaint to defendant's Nevada post office box address on October 9, 1985. After leaving notices to pick up certified mail three times in October and on November 1, 1985, the Nevada postal officials, by rubber-stamped directions, returned the mail to plaintiff as sender. Plaintiff's hearing testimony also disclosed that she knew defendant travelled extensively, having been in at least five states in the first nine months of 1985.

More than 30 days after the mailing to defendant's post office box, plaintiff delivered a notice of default to the office of the lawyer who had represented defendant in the 1978 dissolution and in related, subsequent but completed appeals

---

[1] The parties' marriage was previously and finally dissolved in Lane County, Oregon in 1978. The decree did not mention a future expectancy of a military retirement pension to be based on defendant's military career during the marriage. However, spousal support was ordered. By subsequent modification, based on occurrence of a condition that, under the parties' agreement, could terminate spousal support, that support was terminated before plaintiff commenced this action. *See Edwards and Edwards,* 73 Or App 272, 698 P2d 542 (1985). After the agreement, confirmed in the final decree, monthly pension distribution commenced, payable solely to defendant. After the federal law changed, plaintiff filed an original complaint to institute a new case seeking "partition" of the pension and attempted the service by mail which is at issue.

and proceedings therein. Shortly thereafter, defendant challenged the sufficiency of service of the summons and complaint in the August, 1985, action by a special appearance motion to dismiss under ORCP 21 A(5) signed by that lawyer.[2]

Following the hearing and briefing by the parties, the trial judge ruled as follows:

"Evidence presented at the hearing discloses that Petitioner had an opportunity to serve Defendant at the parties' daughter's residence in Monrovia, California. This, Plaintiff declined to do. Instead, her papers were mailed to a post office address in Minden, Nevada, which was not determined to be the dwelling or abode of Defendant. Actual notice upon Defendant is contended based upon his handwriting appearing upon rejected envelopes other than the one mailed by Petitioner's affiant [*i.e.*, other than the certified, return receipt requested, mailing envelope sent to defendant's Nevada post office box]. Other, admittedly inadequate, service was attempted by mailing copies of the papers to the Defendant's attorney John Cox, Defendant's mother, and Defendant's daughter. These attempts are described by Plaintiff as 'good faith efforts to provide actual notice of the proceeding.'

"Based upon the foregoing, I make the following findings and conclusions:

"1.  Actual knowledge of the proceeding is insufficient absent adequate service.

---

[2] Plaintiff did not contend in the trial court that delivery of documents to that lawyer, who previously represented defendant in the completed dissolution, was adequate service. Only the certified mail sent to Nevada was argued to constitute service. Likewise, she did not contend that defendant's use of his mother's Oregon address for driver license, travel trailer, and other vehicle licenses or his ownership of Oregon real property, with tax statements sent to his mother's address, made his mother's address acceptable for service by mail purposes. No certified mail was sent there.

Plaintiff did not contend in the trial court, or in her assignment of error in the Court of Appeals, that regular mail sent to defendant in care of his mother in Oregon or his daughter in California constituted adequate service; rather, she relied upon the certified mail sent to Nevada. However, the Court of Appeals discussed the effect of the regular mail sent via defendant's relatives and to the lawyer who represented him in the prior dissolution case. Plaintiff argues to this court that the combination of those methods of attempting actual notice makes the certified mail, returned unclaimed, adequate service as "reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." She argues that the methods attempted, each in itself insufficient, make the undelivered certified mail adequate service. The appendix to this opinion discloses details of the regular mail efforts.

"2. Personal service could have been undertaken at the parties' daughter's residence in California but was not attempted.

"3. Acts supporting substituted service are lacking.

"4. Service by mail by itself upon an individual is not prescribed and does not constitute adequate service.

"5. Copies of complaint and summons to Defendant's attorney, mother, and daughter do not cure the inadequacy of service.

"6. Rule 7G is not available to cure the defect. ORCP 7 (D)(6)(a)[3] was not utilized to seek judicial determination of a method of service which under the circumstances would have been reasonably calculated to apprise the Defendant of the existence and pendency of the action.

"It is my conclusion that, under all of the circumstances, the mailing of the complaint and summons, by Plaintiff or Plaintiff's agent, certified mail, return receipt requested, was not reasonably calculated to give Defendant notice of the pendency of the action and the opportunity to appear and defend. Service is found to be inadequate."[4]

## CONSTITUTIONAL STANDARD FOR SERVICE

What must court records show to establish adequate service of summons and complaint? The short answer is compliance with ORCP 7 D. A more detailed answer follows, including discussion of a number of ORCP subsections and the relative efficacy of several methods of service on individuals. Those rules currently are embodied in ORCP 7 D, modified on some occasions and to some extent by ORCP 7 E, 7 F and 7 G.

Summons shall be served in any manner reasonably calculated, under all of the circumstances, to apprise defendant of the court action and to afford a reasonable opportunity

---

[3] That rule in part provides:

"On motion upon a showing by affidavit that service cannot be made by any method otherwise specified in these rules or other rule or statute, the court, at its discretion, may order service by any method or combination of methods which under the circumstances is *most* reasonably calculated to apprise the defendant of the existence and pendency of the action, including but not limited to: publication of summons; mailing without publication to a specified post office address of defendant, return receipt requested, *deliver to addressee only;* or posting at specified locations. If service is ordered by any manner other than publication, the court may order a time for response." (Emphasis added.)

[4] Letter ruling from Lane County Circuit Court Judge Pierre Van Rysselberghe to lawyers for plaintiff and defendant dated March 18, 1988.

to defend against plaintiff's invocation of the court's power. *See* ORCP 7 D(1).[5] The required service of summons may be in a manner specified in ORCP 7 D or some other rule or statute. ORCP 7 D(1). The rule refers to several discrete methods of service of summons. One is "personal service * * * upon defendant or an agent of defendant * * *." Another is service by mail. That latter method of serving a defendant is the one used in this case. The nature of adequate service is further spelled out by categories of the defendants to be served, including individual as opposed to corporate defendants, as follows:

"D.(3) **Particular defendants.** Service may be made upon specified defendants as follows:

"D.(3)(a) **Individuals.**

"D.(3)(a)(i) **Generally.** Upon an individual defendant, by personal service upon such defendant or an agent authorized by appointment or law to receive service of summons * * *."

A specific rule for service on individual defendants provides that they may be served personally, or by substitute service at their dwelling houses or usual places of abode, or at their offices. ORCP 7 D(3)(a)(i). Also permissible is any other method of service which is *most* reasonably calculated to apprise the defendant of the action, provided that alternate method has been authorized in advance by a court upon a showing by affidavit. ORCP 7 D(6)(a). Service by mail or publication may be permitted for any class of defendants including individuals. ORCP 7 D(1).[6]

---

[5] ORCP 7 D(1) states:

"Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant. Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of summons upon defendant or an agent of defendant authorized to receive process; * * * service by mail; or, service by publication."

[6] There are additional rules specific to service in situations described in those rules. *See, e.g.,* ORCP 7 D(4)(a)(i) for service in some vehicle accident cases. If substitute service is the question, proof that an Oregon address was used to obtain a driver license or a vehicle title certificate does not necessarily prove a place of abode required for substitute service. *See Thoenes v. Tatro,* 270 Or 775, 788, 529 P2d 912 (1974) (college student in Colorado used parents' address for driver license and vehicle registration but usual place of abode was his apartment in Colorado for purposes of service of summons). Indeed, in *Baker v. Foy,* 310 Or 221, 797 P2d 349 (1990), this court affirmed a trial court's judgment dismissing a complaint for inadequacy of substitute service at a defendant's address shown on those records. The trial court in *Baker* found as fact that defendant did not reside at the address he provided.

Where any service by any manner detailed in the preceding paragraph is accomplished, the defendant is brought within the power of the court to decide the matter in dispute. However, some manners or methods of service presumptively meet the "reasonably calculated to apprise" standard. Others do not, and adequacy to meet that standard must be supported case by case.

## A. *Presumptively Adequate Service*

■ Personal or substituted service on an individual defendant at his or her dwelling or office is presumptively adequate. The presumption of adequate service, which attaches to service on an individual in a manner specified in ORCP 7 D(3)(a)(i) only, does not apply to mailed service on an individual, because that subparagraph does not list mailed service. In this case, no presumptively adequate method of service on an individual was used. Neither personal service nor substituted service at defendant's dwelling or place of abode, or at his office, was attempted. *See* ORCP 7 D(2)(c). Although service by mail on an individual is not presumed adequate, lack of that presumption does not foreclose a holding that mailed service is adequate in light of individual circumstances, for example, where a trial court orders that mode of service as the one most likely to achieve its function and defendant receives the mail.

## B. *Other Service Adequacy*

Because the general standard of service — in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend, ORCP 7 D(1) — expressly permits service by mail, that method may be used to serve individuals.[7] However, adequacy of service by mail on an individual will be decided case by case because there is no presumption of adequacy of that method of service on an individual.

■ In absence of a presumption, the burden is on plaintiff to show that, in the individual circumstances, the manner of service employed was reasonably calculated to apprise the

---

[7] Of course, the requirements for service by mail provided in ORCP 7 D(2)(d) — certified, return receipt required — must be followed.

defendant of the action and to afford a reasonable opportunity to defend. Stated another way, when plaintiff decided to forego personal service on defendant in California, she assigned herself the burden to show the adequacy of the alternate method which she chose.

This court recently adopted a methodology to test adequacy of service under ORCP 7. *Baker v. Foy,* 310 Or 221, 228-29, 797 P2d 349 (1990).[8] The methodology employs a series of questions. 310 Or at 229.

The first question — was the method of service specifically permitted for use upon the particular defendant by ORCP 7 D(3) — is answered "No" in this case because the method of service is not one specifically provided for by the rule governing service on individuals. ORCP 7 D(3)(a). Therefore, the methodology adopted in *Baker* requires asking a second question, which is:

> "*Question 2.* Does the manner of service employed by plaintiff satisfy the 'reasonable notice' standard of adequate service set forth in ORCP 7 D(1)?" 310 Or at 229.

That question is also answered "No" in this case. Service by mail, to be *adequate,* cannot be based upon a mailing returned by the post office and marked by it "UNCLAIMED." No Oregon case upholds service of summons by mail as adequate unless receipt is acknowledged by defendant. It must be sent "return receipt requested," as ORCP 7 D(2)(d) expressly requires. *See also* ORS 174.160 (allowing for "any mailing method that provides for a return receipt"). However, ORCP 7 D(2)(d) only prescribes the method of mailing to be used when a mailed service is attempted; it does not itself describe circumstances under which mailed service may be adequate service. In *Lake Oswego*

---

[8] That case holds inadequate an attempted substituted service on defendant's mother which included certified mail addressed to defendant at mother's address, as ORCP 7 D(2)(b) requires, even though defendant gave that address as his at the scene of the automobile accident which gave rise to the plaintiff's complaint, the vehicle which defendant, a teenager, was driving was titled to his mother there, and defendant's driver license listed that address as his residence. The fact that defendant did not live there meant he was not served at his usual place of abode and, therefore, the requirement for presumptive adequacy of the service was not met, because the provisions of ORCP 7 governing substitute service were not satisfied, even though defendant admitted actual notice of the summons and complaint.

*Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985), defendant signed a receipt for a deliver-to-addressee-only certified mail, return receipt requested, envelope. Analogous federal mailed-service rules require acknowledgement of receipt for validity. Merrill, Jurisdiction and Summons in Oregon 203, note 153 to § 2.11 (1986).

The Oregon Council on Court Procedures did not adopt the federal rules permitting service by mail generally, if an acknowledgement of receipt is obtained. As Merrill observes, *id.* at 156,

"While other jurisdictions, including the federal courts, allow some type of service of summons by mail for individual defendants, the Council [on Court Procedures] decided that mail was not sufficiently reliable to be specified as a general service method for all circumstances." (Footnotes omitted.)

Choice of a less likely method of service, by mailing to a post office box held by a frequent sojourner in other states, does not seem reasonably calculated to apprise that sojourner, especially not where a plaintiff decides against the more likely method of personal service upon him at a place and time that plaintiff knows defendant will be there.

Assuming, as plaintiff argues, that defendant declined to accept the certified-mail envelope (which the record does not demonstrate) and two regular-mail envelopes forwarded by his relatives, the things he declined to accept were three envelopes bearing his former wife's return address. There is no indication that the envelopes contained summons and complaint. The exterior of the envelopes do not communicate any notice that an action exists or is pending. Plaintiff concedes that the regular mail, sent to defendant via his relatives, is not sufficient service but argues that she hoped to provide a chance of actual notice thereby. However, the unopened regular-mail envelopes in the record, described in the appendix, disclose that plaintiff's return address is typed on their upper left corners and that they were returned to that address. Perhaps they prove that defendant knew his former wife was trying to communicate with him and that he was not interested. They do not prove that defendant knew he was being haled into an Oregon court.

Even if the contents of those envelopes had been disclosed to defendant by being brought forth in his presence,

the rule of *Lake Oswego Review v. Steinkamp, supra* — that service by mail which does not comply with the service-by-mail rule, but which is more likely to be received by the defendant than mailing under the rule, and which is delivered to and accepted by the defendant, is adequate service — also brings plaintiff no comfort. First, the mail was not delivered to and signed for by defendant, as in *Steinkamp.* Second, *Steinkamp* excuses the defect in service by mail by reference to the second sentence of ORCP 7 G, which requires a court to disregard any error in service of summons that does not materially prejudice the substantive rights of the party served. The *Steinkamp* court found no material prejudice, because Mr. Steinkamp actually and personally received and signed for the envelope containing summons and complaint. The court observed that the certified mail used there was more likely to result in adequate notice to defendant than ORCP 7 F(2)(d) requires, because it was sent restricted to delivery to addressee only. Service by an authorized, but not presumptive, method was accomplished. 298 Or at 614. As *Steinkamp* makes clear, adequate service is, itself, a prerequisite to disregarding errors in content or service of a summons under the authority of the second sentence of ORCP 7 G. *Id.* at 614 n 2.

■ Plaintiff also argues that defendant must have had actual notice because of the fact that he made a special appearance. Of course, accepting this argument would make ORCP 21 A(5), providing for a motion to dismiss for "insufficiency of service of summons," a dead letter. That aside, the argument proves too much. It would erase the rules stating what is required for *adequate service* and replace them with a new standard of actual notice, the effect of which would be to require an evidentiary hearing in each case to determine whether the court had jurisdiction of the parties claimed to be on actual notice. *See* Merrill, *supra,* at 140, § 2.01.

Plaintiff's delivery on November 22, 1985, of a notice of default in the newly instituted case to defendant's lawyer in a prior, separate legal proceeding may have prompted that lawyer to overturn many stones in search of defendant, enlisting the aid of many people. Thus, the special appearance does not prove that the legally inadequate earlier attempt to serve defendant by leaving summons and complaint at a lawyer's office actually achieved notice. But assuming that in some word-of-mouth fashion defendant received actual notice that

plaintiff had instituted a new action against him in Lane County, Oregon, the method employed — of leaving a summons in a new case at the office of a lawyer employed by defendant on other matters — does not rise to the required level that it be reasonably calculated to apprise defendant of the pendency of that new action. The fact of actual notice would not excuse use of an unauthorized method of attempting service, although it could excuse lesser defects in the form or issuance of summons under ORCP 7 G (first sentence).

Adequate service is required by ORCP 7 D, not just word-of-mouth notice. Otherwise, a plaintiff could ring a defendant on the telephone, tell him about the action, avoid the requirements of ORCP 7 D that service of summons and complaint be made, and deprive a court asked to enter a default of any records showing whether the defendant had been apprised of the action except a plaintiff's word on it.

Furthermore, in this case, the hearing evidence concerning plaintiff's testimony of her knowledge of defendant's whereabouts does not support the assumption that defendant received actual notice by plaintiff's efforts to serve summons by mail. After the complaint was filed in August, 1985, plaintiff knew that, in September of 1985, defendant was in California, not Nevada. The certified mailing to Nevada was made on October 9, 1985. The envelope, mailed October 16, 1985, to defendant's mother and forwarded by her to Nevada, raises an inference that defendant was in Nevada on or near November 5, 1985, when it was returned to sender. Between October 9 and November 5, 1985, the letter sent by certified mail, return receipt requested, was returned from the Nevada post office box to Oregon.

When plaintiff gave notice of default on November 22, 1985, she knew that defendant had not received the certified mail and had not accepted or opened the regular-mail envelopes forwarded by his relatives, containing summons copies for the new action.

Recognizing, perhaps, the inadequacy of the service method that she used, plaintiff argues that certified mail service must be considered adequate, even where delivery is not reasonably calculated to be accomplished, in cases where a defendant is attempting to avoid service of process. She does not point to anything in the service of process rules or decided

cases as a basis for support of that argument. No fact was found by the trial judge that defendant attempted to avoid service. The trial judge found as fact that "[p]ersonal service could have been undertaken * * * but was not attempted." Plaintiff chose not to use personal service on defendant at that time.

The form of service chosen, in its notice aspect, must be substantially no less likely to bring home notice than other of the feasible and customary substitutes. *Mullane v. Central Hanover Bank & Trust Co.,* 339 US 306, 315, 70 S Ct 652, 657, 94 L Ed at 865, 874 (1950) (requiring "method * * * in itself reasonably certain to inform those affected" to satisfy due process).

There is no basis in the record or in any authority pointed out to us for answering the second question of the *Baker v. Foy* methodology in the affirmative. Because the answer is "No," the service attempted was inadequate.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is affirmed.

## APPENDIX

Examination of the court record concerning the certified mailing reveals:

An unopened envelope mailed by certified mail with return receipt requested, addressed to defendant at the Nevada post office box. It bears the rubber-stamped legend "UNCLAIMED." Attached to the envelope is an unsigned, green, certified-mail return-receipt post card. Also affixed to the envelope are two postal department forms reciting that notices to pick up certified mail were placed in the post office box on three different dates in October and on November 1, 1985. A rubber-stamped imprint in the shape of a hand, with index finger extended and the words "Return to Sender," points to plaintiff's return address in Eugene, Oregon, which is typed on the upper-left corner of the unopened envelope.

An appropriate affidavit confirms that certified true copies of the summons and the complaint were placed in the unopened envelope, and that it was mailed on October 9, 1985. Although the affidavit does not say certified mail was used, the envelope shows that it was, as hearing testimony confirms. The attached, unsigned postal card, intended as a record of receipt, shows that the postal system was requested to "show to whom, date and address of delivery."

In an effort, as plaintiff claims, to give actual notice to defendant, other mailings were made. The record discloses:

(1) A second unopened envelope sent by regular mail addressed to defendant "c/o Mrs. E. J. Edwards" at a Creswell, Oregon, address. The Creswell addressee, defendant's mother, crossed off her Oregon address, leaving the defendant's name, and wrote in the Nevada post office box address. This envelope bears the imprint of a postal department rubber stamp, showing that the mother remailed the envelope on October 18, 1985. In defendant's handwriting, the words "Return to Sender" appear above the original address. An arrow is drawn from those words to the typed return address of plaintiff in the upper-left corner. This letter was mailed from Eugene to defendant in care of his mother on October 16, 1985. On the envelope appears the date "November 5, 1985," and "Reno. NV 895," as rubber-stamped.

(2)  A third unopened envelope is addressed to defendant "c/o Mrs. Douglas T. Wile," the daughter of plaintiff and defendant, at the daughter's California address. The address is lined through. Above it, in defendant's hand, is written "Return to Sender" with an arrow pointing to the return address of plaintiff. This envelope was first mailed from Eugene October 16, 1985, according to an affidavit.

(3)  Copies of summons and complaint were also mailed to and personally delivered to the lawyer who represented the defendant in the 1978 dissolution and subsequent modification proceedings therein.