Argued and submitted March 5, reversed and remanded May 8, 2002

## DAVIS WRIGHT TREMAINE, LLP,
*Respondent,*

*v.*

## David MENKEN,
*Appellant.*

9905-04998; A108692

45 P3d 983

Clayton C. Patrick argued the cause and filed the briefs for appellant.

Darleen Darnall argued the cause for respondent. With her on the brief was Davis Wright Tremaine, LLP.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant David Menken appeals, assigning error to the trial court's denial of his motion to set aside a default judgment in favor of plaintiff Davis Wright Tremaine, LLP. Defendant argues, *inter alia*, that he was entitled to relief under ORCP 71 because plaintiff failed to serve the summons and complaint in accordance with ORCP 7 D. We agree. Accordingly, we reverse.

Except as specifically noted, the material facts are undisputed. Plaintiff is a law firm with an office in Portland. In late 1997, defendant retained plaintiff to represent him in a land use dispute in Jackson County. Over the course of that representation, plaintiff's total billings were $51,464.02, but defendant paid only $6,232.50. Consequently, in May 1999, plaintiff filed this breach of contract action against defendant, seeking to recover the balance of unpaid fees, $45,231.52, plus interest on that unpaid amount.

Thereafter, in June 1999, plaintiff hired a Medford process server to personally serve the summons and complaint on defendant. The process server, however, was unable to effect personal service.[1] On August 3, 1999, plaintiff filed an *ex parte* motion seeking court approval of mail service. In particular, the motion requested "an order allowing [plaintiff] to serve defendant David Menken by certified mail, return receipt requested, and by first class mail as provided by ORCP 7 D(2)(d)."

In support of that motion, plaintiff filed several documents. The first, an affidavit executed by one of plaintiff's attorneys, represented that "[p]laintiff is having difficulty serving the summons and complaint herein on defendant, David Menken." That affidavit did not, however, state any factual basis for that conclusion and did not purport to be based on personal knowledge. The second document was signed by the office manager for the Medford process server and described, in some detail, the process server's unsuccessful attempts to personally serve defendant. That document,

---

[1] As discussed below, *see* 181 Or App at 334-35, there is no competent evidence of the circumstances of those efforts, including why they were unsuccessful.

however, was not signed under oath and, thus, was not a legally sufficient affidavit. *See* ORS 45.020 ("An affidavit is a written declaration under oath, made without notice to the adverse party."). Finally, the remaining two documents, both properly signed and notarized affidavits executed by employees of the process server, explained that the process server had personally served defendant in two prior and unrelated matters and had unsuccessfully attempted to serve him at his personal residence in this matter. However, neither of those affidavits meaningfully related why personal service could not be accomplished.

The trial court, in response to plaintiff's motion, issued an order allowing service "by mail pursuant to ORCP 7 D(2)(d)." Plaintiff responded by mailing a copy of the summons and complaint to defendant at his Jacksonville post office box by both first-class mail and certified mail, return receipt requested. Defendant received the first-class mailing but refused to accept the certified mailing. The postal service marked the certified mailing "refused" and returned it to plaintiff. Plaintiff then filed a return of service and included the certified mailing marked "refused" with its return of service.

Defendant believed that he had not been lawfully served and failed to file a timely answer or appearance in response to plaintiff's complaint. *See* ORCP 7 C(2) (defendant, following service by mail, must "appear and defend within 30 days from the date of service"). Consequently, plaintiff filed an *ex parte* motion for entry of a default judgment. On September 13, 1999, the trial court entered a default judgment in plaintiff's favor.

On September 21, 1999, defendant, who did not know of the default judgment, authorized his attorney to accept service on his behalf. When his attorney contacted plaintiff on September 24, he learned of the September 13 default judgment. On October 5, 1999, defendant moved to set aside the judgment and to change venue to Jackson County. *See* ORCP 71; ORS 14.110.[2] In his motion to set

---

[2] Defendant's motion for change of venue was not conditioned on the court's disposition of his motion to set aside the default judgment and, particularly, his contention that he had not been properly served. Thus, even though—as we

aside, defendant argued, principally, that plaintiff had failed to effect service pursuant to ORCP 7 and that, consequently, the ensuing default judgment was void. ORCP 71 B(1)(d).[3] Defendant further argued that, in all events, the judgment should be set aside because the judgment was the result of his "mistake, inadvertence, surprise, or excusable neglect." ORCP 71 B(1)(a). Finally, defendant argued that plaintiff, by obtaining a default judgment against defendant without notifying him, had committed fraud, misrepresentation, or misconduct justifying relief from judgment under ORCP 71 B(1)(c) and ORCP 71 C. The trial court refused to set aside the judgment against defendant and denied, without discussion, defendant's motion for change of venue. This appeal ensued.

On appeal, defendant argues that the measures taken by plaintiff to serve him were inadequate because they neither constituted any of the "presumptively adequate" methods of service in ORCP 7 nor satisfied the threshold requirement in ORCP 7 D(1) that service may be made in "any manner reasonably calculated, under all of the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."[4]

Plaintiff responds by acknowledging that it failed to effect presumptively adequate service on defendant. However, plaintiff argues that the measures that it did take—mailing the summons and complaint to defendant via both first-class mail and certified mail, return receipt requested—

conclude below—defendant is correct that he was not properly served and the default judgment must be set aside as void, *see* 181 Or App at 340-44, defendant voluntarily and unconditionally submitted to the court's jurisdiction after the entry of the default judgment. *See generally Pacific Protective Wear Dist. Co. v. Banks*, 80 Or App 101, 105, 720 P2d 1320 (1986) (addressing challenges to personal jurisdiction in ORCP 71 context).

[3] ORCP 71 B(1)(d) provides that a court may set aside a judgment where that "judgment is void." Although defendant's motion to set aside did not expressly cite ORCP 71 B(1)(d), defendant's argument that the judgment was "void" necessarily implicates that provision. *Adams and Adams*, 173 Or App 242, 251 n 2, 21 P3d 171 (2001).

[4] Defendant also reprises his other arguments to the trial court pertaining to "excusable neglect," plaintiff's alleged "fraud," and proper venue. Plaintiff responds to each of those arguments. Given our analysis and disposition, we do not describe those matters in detail.

were, in the totality of the circumstances, sufficient to apprise defendant of the action and give him a reasonable opportunity to respond. Consequently, plaintiff contends, the method of service it employed, while not *presumptively* adequate, was nevertheless adequate under ORCP 7 D(1).

Thus, as cast by the parties, the threshold—and potentially dispositive—issue is sufficiency of service. *Baker v. Foy*, 310 Or 221, 228-29, 797 P2d 349 (1990), frames the inquiry.

In *Baker*, the court established a two-step methodology for assessing the adequacy of service under ORCP 7 D. First, the court must determine if "the method in which service of summons was made [was] one of those methods described in ORCP 7 D(2), specifically permitted for use upon the particular defendant by ORCP 7 D(3), and accomplished in accordance with ORCP 7 D(2)." *Id.* at 228. If so, the service is presumptively adequate and, unless the defendant overcomes the presumption, service will be deemed effective. *Id.* at 229.

If, however, presumptively adequate service is not effected, or if the defendant rebuts the presumption of valid service, the court must then consider whether "the manner of service employed by plaintiff satisf[ies] the 'reasonable notice' standard of adequate service set forth in ORCP 7 D(1)." *Id.* Only if that inquiry is answered in the affirmative will service be deemed valid. *Id.*[5]

Applying that framework, there is no dispute—indeed, plaintiff concedes—that plaintiff failed to serve defendant in any of the ways specified under ORCP 7 D(3). It

---

[5] Some of our cases seem to assume that *Baker*'s first inquiry is satisfied if service has been effected by *any* of the methods of service identified in ORCP 7 as a whole. *See, e.g., Levens v. Koser*, 126 Or App 399, 401-02, 869 P2d 344 (1994) (quoting *Mitchell v. Harris*, 123 Or App 424, 859 P2d 1196 (1993)). However, *Baker*'s formulation is more precise: *"Was the method in which service of summons was made one of those methods described in ORCP 7 D(2), specifically permitted for use upon the particular defendant by ORCP 7 D(3), and accomplished in accordance with ORCP 7 D(2)?"* 310 Or at 228 (emphasis added). That language does not appear to suggest that methods of service permitted in sections other than ORCP 7 D(3)—for example the court-approval provision in ORCP 7 D(6)(a)—are presumptively adequate. Instead, *Baker* seems to suggest that the adequacy of those alternative methods of service must always be evaluated, without the benefit of any presumption, under the reasonableness standard of ORCP 7 D(1).

is undisputed that plaintiff concurrently sent the complaint and summons to defendant by both first class-mail and certified mail, return receipt requested. For such service on an individual to be presumptively valid, however, the defendant must sign the receipt for the certified mailing. *See* ORCP 7 D(3)(a)(i) (service by mail on individual defendant may be made in the manner specified by ORCP 7 D(2)(d)(i) "provided the defendant signs a receipt for the certified, registered or express mailing"). That did not happen here, and, consequently, plaintiff did not effect presumptively valid service on defendant.[6]

The question thus narrows to whether the measures that plaintiff *did* take nevertheless constituted adequate service. We note, at the outset, that, because of the first-class mailing, defendant had actual notice of the pendency of the action. That is, although defendant refused the certified mailing, he received and read the first-class mailing. As a practical matter, that fact would seem all-important. But legally, under Oregon's sufficiency of service rules and

---

[6] We note further that, regardless of whether service pursuant to ORCP 7 D(6)(a) could be deemed presumptively valid for purposes of the *Baker* formulation, *but see* 181 Or App at 337 n 5, plaintiff did not accomplish service under that provision.

ORCP 7 D(6)(a) allows a plaintiff to seek, and the court to issue, an order permitting service by mail "to a specified post office address of the defendant by first class mail and by any of the following: certified or registered mail, return receipt requested, or express mail." Such an order, however, may only be issued "upon a showing by affidavit that service cannot be made by any method otherwise specified in these rules or other rule or statute." ORCP 7 D(6)(a).

Here, the trial court, on plaintiff's application supported by factual submissions, issued an order allowing plaintiff to serve defendant "pursuant to ORCP 7 D(2)(d)." If the court issued that order pursuant to ORCP 7 D(6)(a), it erred. None of the affidavits submitted by plaintiff with its motion explained why service could not be effected by another presumptively adequate method of service. Rather, the only document purporting to make such a showing was unsworn and, thus, did not constitute an affidavit as required by the rule. *See* ORS 45.020 ("An affidavit is a written declaration under oath, made without notice to the adverse party."). Consequently, plaintiff failed to make the factual showing essential to authorization of service under ORCP 7 D(6)(a). *Dhulst and Dhulst*, 61 Or App 383, 387-88, 657 P2d 231 (1983) (trial court erred in authorizing service under ORCP 7 D(6)(a) where supporting affidavits failed to provide factual basis for alternative service); *see also Huffman v. Leon De Mendoza*, 135 Or App 680, 684-86, 899 P2d 734 (1995), *rev den* 322 Or 489 (1996) (same); *Mitchem v. Rice*, 143 Or App 546, 550, 923 P2d 1347, *rev den* 324 Or 394 (1996) (discussing required factual showing in analogous context); Fredric R. Merrill, *Jurisdiction and Summons in Oregon* § 2.18 (1986) (discussing requirements for, and effect of, service under ORCP 7 D(6)(a)).

related jurisprudence, actual notice is, essentially, irrelevant. *See Jordan v. Wiser*, 302 Or 50, 60, 726 P2d 365 (1986) (actual notice cannot make service adequate under ORCP 7 if the summons is not served in a manner reasonably calculated to apprise the defendant of the existence and pendency of the action against him); *Murphy v. Price*, 131 Or App 693, 699, 886 P2d 1047 (1994), *rev den* 321 Or 137 (1995) (right to receive adequate service of summons as defined by ORCP 7 and related case law is a "substantial right" for purposes of ORCP 12 B; actual notice is insufficient to excuse noncompliance with ORCP 7).[7] Thus, ORCP 7 D(1) focuses not on the defendant's subjective notice but, instead, on whether the plaintiff's conduct was objectively, reasonably calculated to achieve the necessary end. That is, regardless of whether the defendant ever actually received notice, were the plaintiff's efforts to effect service reasonably calculated, under the totality of the circumstances then known to the plaintiff, to apprise the defendant of the pendency of the action?

We return to the material circumstances existing at the time that plaintiff attempted to effect service by mail:

- Plaintiff and defendant had been in an attorney-client relationship, and defendant was disputing the reasonableness of plaintiff's fees and had paid only a fraction of those fees. There is no evidence in the record that, before mailing the summons and complaint, plaintiff had ever told defendant of its intent to bring a collection action unless the balance of its fees was paid.

- Defendant had told plaintiff that receipt of mail at his street address was questionable and that, consequently, all correspondence should be mailed to his post office box. There is no evidence

---

[7] *See generally Abbotts v. Bacon*, 133 Or App 315, 323, 891 P2d 1321 (1995) (Haselton, J., dissenting) ("There is no question that defendant actually received the complaint and summons in a timely fashion and was not prejudiced by the deficiencies in service. But Oregon's arcane rules governing service of process make no allowance for actual notice and, thus, compel such technically correct, but practically absurd, results.").

that plaintiff knew that anyone other than defendant and, perhaps, his 15-year-old daughter who lived with him, had access to the post office box.

- Before attempting mail service, plaintiff had twice unsuccessfully attempted to effect personal service at defendant's home; however, there is no evidence in the record that defendant was aware of those efforts or that plaintiff reasonably believe that defendant was aware of those efforts.

- Plaintiff sent both the certified mailing and the first-class mailing to defendant's post office box at the same time. Neither envelope bore any notation that would alert the recipient that it contained copies of a summons and complaint—or, for that matter, any important legal documents.

- The certified mailing was unrestricted. That is, anyone with access to defendant's post office box could accept or reject the certified mailing.[8]

Defendant argues that, under those circumstances, plaintiff's attempted service here—unrestricted first class and certified mailing, return receipt requested—did not comport with the reasonable notice requirement of ORCP 7 D(1). In particular, defendant points to our opinion in *Murphy*, and argues that plaintiff's failure to restrict delivery of the certified mailing, coupled with the fact that the certified mailing here was refused, rendered plaintiff's attempted service inadequate. We agree.

In *Murphy*, the plaintiff was injured when the defendant's car collided with the car in which the plaintiff was a passenger. Nearly two years after the accident, and less than a month before the passage of the limitations period, the plaintiff filed a personal injury action against the defendant. The plaintiff then sought to serve the defendant by sending a copy of the summons and complaint to the defendant at his mailing address using certified mail, return receipt requested, unrestricted delivery. The defendant's landlord

---

[8] In contrast, with restricted delivery mailing only the addressee can accept (or refuse) the certified mailing.

signed the return receipt and gave the summons and complaint to the defendant the following day. *Murphy*, 131 Or App at 695.

We held that the plaintiff's attempted service was invalid. In particular, after noting that the plaintiff's attempted service failed to constitute presumptively adequate service under the first prong of the *Baker* framework, we concluded that, because the plaintiff had sent the notice by unrestricted delivery,

> "anyone at that address—a roommate, a neighbor, defendant's landlord—could have signed for the receipt of the summons and complaint, with no assurances that defendant would ever see the papers. In other words, plaintiff did not know who would actually receive the summons and complaint once they were delivered to the location that defendant listed as his address. Under the circumstances, the attempted service did not comport with the reasonable notice requirement of ORCP 7 D(1)." *Murphy,* 131 Or App at 697.

Since *Murphy*, we have reiterated that, as a general rule, service by mail on an individual must be by restricted delivery—*i.e.*, only the person being served can either accept or refuse the mailing—to satisfy the reasonable notice standard of ORCP 7 D(1). In *Lonsdale v. Swart*, 143 Or App 331, 337, 922 P2d 1263 (1996), *rev den* 325 Or 247 (1997), a defamation case, we relied on *Murphy* in concluding that the plaintiff's attempted mail service on the defendant newspaper publisher did not constitute reasonable notice because the notice had been mailed without requesting restricted delivery. *Accord Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or App 607, 618-19, 945 P2d 534 (1997) (noting that, while "service by unregistered mail *by itself* is not adequate to satisfy the reasonable notice requirement of ORCP 7 D(1)," a "follow-up mailing by unrestricted delivery, coupled with other forms of service," may be sufficient).

Plaintiff's attempted mail service in this case is materially indistinguishable from that in *Murphy* and related cases. Here, as in *Murphy*, plaintiff sent a copy of the summons and complaint to defendant's mailing address but failed to restrict delivery to defendant only. In addition, there

is no evidence in the record that plaintiff took other measures to give defendant notice of the action—for example, by contacting him before mailing service to alert him that mail service was forthcoming. Accordingly, at the time plaintiff mailed the summons and complaint, it had "no assurances that defendant would ever see the papers." *Murphy*, 131 Or App at 697. Thus, for the same reasons stated in *Murphy*, we conclude that plaintiff's attempted mail service here failed to satisfy the reasonable notice standard of ORCP 7 D(1).

Plaintiff nevertheless attempts to distinguish *Murphy* on two grounds. First, plaintiff argues that, because the certified mailing here was mailed to defendant's post office box rather than his residence, the requirements of ORCP 7 D(1) were somehow satisfied. Alternatively, plaintiff argues that the fact that defendant refused the mailing renders *Murphy* inapplicable:

> "[U]nlike in *Murphy*, where mail service was found to be inadequate [after the defendant's landlord signed the certified mail receipt], Menken does not dispute that he was the person to mark 'refused' on the certified mail receipt, nor does he assert that his mail should have been sent to some other address, nor does he assert that he suffered any prejudice because the certified mailing (which was addressed to him personally) did not include any further restrictions on delivery."

We disagree. On this record, there is no basis for concluding that unrestricted mailing to a post office box, as opposed to a street address, is materially less likely to give rise to the possibility that someone other than the addressee might sign for the certified mailing. Unlike a restricted mailing, potential receipt of an unrestricted mailing to a post office box is not legally and necessarily limited to the addressee. Here, for example, it is undisputed that defendant's 15-year-old daughter was a reasonably foreseeable recipient of the mailing. Moreover, post office box holders, like homeowners, are free to give access to their mailbox to any third party. Thus, plaintiff should reasonably have understood that access to defendant's post office box was not necessarily restricted to defendant or even merely to defendant and his daughter.

Plaintiff's second purported distinction of *Murphy* is similarly unavailing. The fact that defendant actually received, but refused, the certified mailing is legally immaterial. Rather, as we emphasized earlier, ORCP 7 D(1) focuses on the reasonableness of the *plaintiff's* conduct, *under the totality of circumstances known to the plaintiff at the time it mailed the summons and complaint.* We note, moreover, that plaintiff had previously sent correspondence to defendant's post office box and that the two envelopes here did not bear any notation disclosing their contents. Consequently, the certified mailing here could have pertained to anything related to the parties' relationship, including a bill for defendant's overdue account balance or a demand letter. In short, the mere fact of a certified mailing from defendant's former attorneys to his post office box was inadequate, by itself, to reasonably apprise defendant that his former attorneys were suing him. Plaintiff's efforts to distinguish *Murphy* are, thus, without merit.

Finally, plaintiff argues that, notwithstanding *Murphy*, *Mullens v. L. Q. Development, Oregon Ltd*, 96 Or App 438, 772 P2d 1379 (1989), should control here. In *Mullens*, a lien foreclosure case, we considered the adequacy of the plaintiff's attempt to serve the defendant's registered agent by certified mail without a return receipt. We held that the certified mailing to the defendant's registered agent was "reasonably calculated" to give the defendant notice under ORCP 7 D(1), reasoning that the absence of a return receipt was immaterial because "that requirement is for the benefit of the plaintiff and the court by providing proof that the defendant had been served. A defendant does not benefit from it." *Mullens*, 96 Or App at 443.

Plaintiff's reliance on *Mullens* is unavailing. Subsequent decisions of the Oregon Supreme Court and of our court (including *Murphy*) have repudiated *Mullens*'s premise that mere service by certified mail, without some more particularized assurance or confirmation of delivery to the defendant, *e.g.*, restricted delivery, return receipt requested, etc., was sufficient to satisfy ORCP 7 D(1).[9] *See, e.g., Edwards v. Edwards*, 310 Or 672, 679-80, 801 P2d 782 (1990) ("No

---

[9] No subsequent decision has cited *Mullens*, let alone with approval.

Oregon case upholds service by mail as adequate unless it is acknowledged by defendant. * * * Analogous federal mailed-service rules require acknowledgment of receipt for delivery.");[10] *Murphy*; *Atterbury v. Wells*, 125 Or App 591, 595, 866 P2d 484, *rev den* 319 Or 80 (1994) (citing *Edwards* for the proposition that a court may only consider adequacy of attempted mail service under ORCP 7 D(1) "if the requirements for service by mail in ORCP 7 D(2)(d) are satisfied"; holding that service by first-class mail alone is not sufficient).

Accordingly, we conclude that, as in *Murphy*, plaintiff's attempted mail service here did not comport with ORCP 7 D(1). Consequently, the trial court erred in declining to set aside the default judgment based on inadequacy of service. *Huffman*, 135 Or App at 686; ORCP 71 B(1)(d) (permitting court to set aside void judgment).[11]

Defendant also assigns error to the trial court's denial of his motion to change venue from Multnomah County to Jackson County.[12] It is not apparent, on this record, whether the trial court denied defendant's motion on its merits or simply denied the motion on the ground that, because the court had denied defendant's motion to set aside, the venue issue was effectively moot. In light of our conclusion that the trial court erroneously refused to set aside the default judgment, the most appropriate resolution to defendant's venue argument is to remand to the trial court for reconsideration of the issues raised by defendant's motion for change of venue.

Reversed and remanded.

---

[10] *Edwards* applies the same version of ORCP 7 D(2)(d) that was in place at the time *Mullens* was decided. After both *Mullens* and *Edwards*, ORCP 7 D(2)(d) was amended to prescribe mailing by both first-class mail *and* either certified or registered mail, return receipt requested, or express mail.

[11] Given that determination, we need not, and do not, reach the merits of defendant's alternative arguments under ORCP 71.

[12] Ordinarily, and logically, our determination that defendant was not properly served—and, thus, that the trial court lacked personal jurisdiction over him—would obviate any further discussion. However, as noted above, 181 Or App at 335-36 n 2, by filing his change of venue motion unconditionally, defendant voluntarily submitted to the court's jurisdiction after the entry of the default judgment. Consequently, defendant is subject to the Multnomah County Circuit Court's jurisdiction, and the question of that court's venue is properly before us.