

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHANTUBHAI N. SHAH, | No.   18-35962 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00226-JE |
| v. | |
| | MEMORANDUM* |
| MEIER ENTERPRISES, INC., et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, and
John Jelderks, Magistrate Judge, Presiding

Argued and Submitted April 13, 2021
Seattle, Washington

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and FITZWATER,** District Judge.
Dissent by Judge O'SCANNLAIN

In this removed action alleging employment discrimination claims, plaintiff

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Shantubhai N. Shah ("Shah") appeals the summary judgment dismissing his claims and the order denying his motion to remand.[1] We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review both the denial of Shah's motion to remand and the grant of summary judgment *de novo*. *See, e.g., L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020) (summary judgment); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (motion to remand). We review the evidence favorably to Shah as the party opposing defendants' motion for summary judgment. *See, e.g., Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 832 (9th Cir. 2002).

Because the parties are familiar with the facts and procedural history, we restate only what is necessary to explain our decision.

I

The question whether the district court[2] erred in denying Shah's motion to

---

[1]     The United States Magistrate Judge decided Shah's motion to remand as a non-dispositive matter, and the district judge affirmed the magistrate judge's ruling after Shah objected. Before the magistrate judge ruled on the parties' cross-motions for summary judgment, all parties consented to the magistrate judge's jurisdiction. Although Shah sought to withdraw his consent, the magistrate judge denied the motion when he decided the parties' cross-motions for summary judgment and other motions. The rulings on appeal were therefore decided by judicial officers with authority to act.

[2]     The "district court" means the magistrate judge who decided the motion to remand and the district judge who affirmed the magistrate judge's decision.

remand turns on whether Shah properly served defendant Meier Enterprises, Inc. ("Meier")[3] with the summons and complaint on November 23, 2016, or did not properly serve Meier until later, on January 20, 2017.  The district court held that proper service was not made until January 20, 2017, so removal on February 10, 2017—i.e., within 30 days of January 20, 2017—was timely, and the motion to remand must be denied.  The question whether Meier was properly served on November 23, 2016, or not until January 20, 2017, is governed by Oregon law.  *See, e.g., Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law." (citations omitted)).

Shah maintains that the district court improperly placed the burden on him to prove that his selected method of service on November 23, 2016—certified mail, with restricted delivery—was reasonably calculated to inform Meier of the pending action. Although the district court did make such a statement in its opinion and order, the court also properly recognized that there is a presumption against removal and that "the defendant always has the burden of establishing that removal is proper" (quoting

---

[3]     Although Shah also sued four individually-named defendants and three groups of defendants, only Meier removed the case.  Meier maintained in the notice of removal that the consent to removal of the other defendants was unnecessary because they had not been properly served.  The motion to remand turned on whether service on Meier was proper.

*Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)).  And the district court acknowledged that "[t]he removal statute is strictly construed and 'any doubt about the right of removal requires resolution in favor of remand'" (quoting *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1244 (9th Cir. 2009)).  We therefore conclude from our holistic reading of the district court's opinion and order that it did not improperly shift the burden to Shah to establish that removal was improper.

Nor did the district court err in holding that Shah's attempted service on November 23, 2016 was improper.  Regardless whether under Oregon law service by mail on a corporation can ever be effective if attempted without requesting a return receipt[4]—a question we need not decide in this case—Shah's attempt to serve Meier did not satisfy Oregon's "reasonable notice" standard.

Under Oregon law, "[s]ummons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."  Or. R. Civ. P. 7D(1).  If service is by a method specifically permitted under Rule 7D(3), it is presumptively adequate.  If not, the court must determine whether the method used satisfies the "reasonable notice" standard

---

[4]     *See Edwards v. Edwards*, 801 P.2d 782, 786 (Or. 1990) ("No Oregon case upholds service of summons by mail as adequate unless receipt is acknowledged by defendant.").

under Rule 7D(1). *Baker v. Foy*, 797 P.2d 349, 354-55 (1990). Here, service was not effected by a method specifically permitted under Rule 7D(3), so the reasonable notice standard under Rule 7D(1) applies. The court must consider the totality of the circumstances as they were known to Shah at the time of service. *See Paschall v. Crisp*. 910 P.2d 407, 411 (Or. Ct. App. 1996) (citation omitted).

The district court did not err in concluding that Shah failed to give Meier reasonable notice through the November 23, 2016 attempt at service. According to the "proof" of delivery (a U.S. Postal Service tracking slip), the complaint and summons were delivered on November 28, 2016 at 12:58 p.m. to "Front Desk/Reception" at Meier's office. Even assuming that the documents were handed to a particular person (as opposed to, say, being deposited in a receptacle as part of the daily mail delivery), it is simply a matter of speculation whether the delivery was made to someone whose duties imposed the degree of responsibility that should accompany the handling of documents of the importance of legal process. Indeed, Oregon's primary service method for a corporation suggests the recipient of service should be "a registered agent, officer, or director of the corporation; or . . . any clerk on duty in the office of a registered agent." Or. R. Civ. P. 7D(3)(b)(i). Under the totality of the circumstances known to Shah, the form of service attempted on November 23, 2016 did not give Meier reasonable notice.

Accordingly, because the November 23, 2016 attempt at service was not proper and Meier removed the case within 30 days of being properly served on January 20, 2017, the district court did not err in denying Shah's motion to remand.

II

Turning to the merits, we hold that the district court correctly granted summary judgment dismissing Shah's claims.

Shah's discrimination claims based on Meier's decision not to hire him for the Group Manager position fail because he has not created a genuine issue of material of fact under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A reasonable jury could not find, based on the posted job description and lack of interview questions regarding Shah's L&I experience alone, that Meier's proffered reason for not hiring him—his lack of Washington Labor & Industry experience—was not the real reason.

Shah's discrimination claims based on his termination similarly fail under *McDonnell Douglas* because he has not shown that similarly situated individuals were treated more favorably. Nor has he offered any evidence that would enable a reasonable jury to find that Meier's proffered reasons for his termination—his poor performance and failure to follow company policy with respect to time off—were not the real reasons for his termination. Moreover, where "the same actor is responsible

- 6 -

for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory action." *Bradley v. Harcourt, Brace & Co.* 104 F.3d 267, 270-71 (9th Cir. 1996). Shah offers no evidence that would support the reasonable finding that those responsible for his termination did not actually believe that his performance was poor.

Accordingly, the judgment of the district court is

**AFFIRMED**.

*Shah v. Meier Enterprises, Inc.*, No. 18-35962

O'Scannlain, J., dissenting:

Although I agree with the memorandum's analysis of the merits of Shah's employment discrimination claim, I would not have reached that issue because I do not agree that we should affirm the district court's denial of Shah's motion to remand this case to state court at this point. Prudence and comity, I suggest, should have had us first certify the underlying unresolved question of state civil procedure to the Oregon Supreme Court.

I therefore respectfully dissent.

I

Whether Meier Enterprises' notice of removal was timely turns on the question of whether Shah's first attempted service by mail was valid under the governing Oregon Rules of Civil Procedure. And, as the majority observes, that question in turn becomes: Was Shah's mailing of notice to an officer in Meier's principal place of business via first class mail with restricted delivery—but without a return receipt—"reasonably calculated" to inform Meier of the action? *See* Or. R. Civ. P. 7D(1); *Davis Wright Tremaine, LLP v. Menken*, 45 P.3d 983, 987 (Or. Ct. App. 2002).

On this question, Oregon law is not clear. To be sure, as the majority observes, no Oregon case appears to have upheld service by mail where no return

receipt was requested. *See Edwards v. Edwards*, 801 P.2d 782, 786 (Or. 1990). But, equally important, the majority has not identified any case which holds that a return receipt is *always* required in order for service by mail to be "reasonably calculated" to inform the defendant of the action.

Indeed, some Oregon courts have suggested (but not held) that sending mail by restricted delivery—which requires the mail carrier to deliver the parcel only to the addressee—might provide *greater* assurance that the defendant receives notice of the action than a simple request for a return receipt (which requires only that the person who receives the parcel sign for it). *See, e.g.*, *Murphy v. Price*, 886 P.2d 1047, 1049 (Or. Ct. App. 1994) ("[Without restricted delivery] anyone at that address—a roommate, a neighbor, defendant's landlord—could have signed for the receipt . . . with no assurances that the defendant would ever see the papers."); *see also Lake Oswego Review, Inc. v. Steinkamp*, 695 P.2d 565, 569 (Or. 1985) (discussing increased likelihood that a restricted delivery will be delivered to the addressee); *Davis Wright Tremaine*, 45 P.3d at 988 ("[A]s a general rule, service by mail on an individual must be by restricted delivery—*i.e.*, only the person being served can either accept or refuse the mailing—to satisfy the reasonable notice standard . . . ."); *id.* at 989 ("[D]ecisions of the Oregon Supreme Court and of our court . . . have repudiated [the] premise that mere service by certified mail, without *some* more particularized assurance or confirmation of delivery to the defendant,

2

*e.g., restricted delivery, return receipt requested, etc.*, was sufficient to satisfy ORCP 7D(1)." (emphasis added)).  Such cases do not inspire confidence that our court has properly applied Oregon law.

II

In these circumstances, I would have preferred that we certify this open question of law to the Oregon Supreme Court, which surely has a far greater interest than does our court in defining what methods of service are acceptable for lawsuits initiated within its own state courts.  Given the relative frequency with which Oregon courts have been called upon to address questions of appropriate forms of mailed service, it may well have been inclined to accept certification.