Argued May 22, affirmed July 5, 1978

STATE OF OREGON, *Respondent,*
*v.*
ROBERT E. GARTZKE, *Appellant.*
(No. F-86420, CA 9959)
580 P2d 1062

Dwight Ronald Gerber, Portland, argued the cause and filed the brief for appellant.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

**JOHNSON, J.**

Defendant appeals his conviction for driving while suspended, ORS 487.560. The sole issue on appeal is whether he received notice of his suspension as required by ORS 482.570. At the time defendant's notice of suspension was sent by Motor Vehicles Division (the Division) in February of 1976, ORS 482.570 provided in pertinent part:

"(1) When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. Service of the notice is accomplished either *by mailing the notice certified mail, return receipt requested,* or at the option of the division, by personal service in the same manner as a summons is served in an action at law. When notice sent by certified mail is returned, the receipt *unsigned,* service of notice shall be accomplished by personal service in the same manner as a summons is served in an action at law. * * *" (Emphasis supplied.)

The record indicates that the notice of suspension of defendant's operator's license was sent by certified mail, return receipt requested, to his parents' address, which was the address the Division's records showed for defendant, and that the receipt was returned signed by defendant's father. Defendant denied receiving this notice. He testified that he had not lived at his parent's address for ten years and that he had lived at numerous addresses during that period. He maintains that the notice provided by the Division did not comply with the requirements of ORS 482.570 because he did not sign the receipt. We disagree. The notice provision in effect at the time defendant's notice was sent did not require that the receipt be signed by the addressee.[1] but merely required that the receipt be returned

[1] ORS 482.570 was amended in 1975, Oregon Laws 1975, ch 451, § 148, and now provides:

"When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor

*signed.* That procedure was complied with here. When the required procedure is followed, proof of it alone is sufficient evidence upon which to base a finding that defendant received notice of suspension of his operator's license, and the trial court did not err in finding defendant guilty. *See State v. Buen,* 13 Or App 426, 509 P2d 865, *rev den* (1973).[2]

Affirmed.

---

vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail *restricted delivery,* return receipt requested, to the person's address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law." (Emphasis supplied.)

[2]Furthermore, it is doubtful that the affirmative defense of lack of notice under ORS 487.560(2)(b) was even available to defendant because the record indicates that he failed to notify the Division of a change in his residence. *See* ORS 487.560(3)(b).