Submitted July 17, reversed and remanded October 30, 1978

STATE OF OREGON, *Appellant,*
*v.*
JAMES PERCY LAWRENCE, *Respondent.*
(No. 77-3653, CA 9700)
585 P2d 727

J. Pat Horton, District Attorney, and Jonathan H. Fussner, Assistant District Attorney, Eugene, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

Defendant was charged in July of 1977 with driving while suspended, ORS 487.560. He moved prior to trial to suppress certified copies of the suspension orders sent to him by the Motor Vehicles Division in 1974 and 1975, on the grounds that the Division had failed to comply with the notice requirements of ORS 482.570. The trial court allowed the motion, ruling that the suspension orders were inadmissible. The state appeals. Because under ORS 487.560(2)(b) lack of notice is an affirmative defense, a motion to suppress was inappropriate. It appears from the record, however, that the parties attempted to treat the matter as a pre-trial hearing on the admissibility of evidence. Ordinarily, we would encourage such practice but, because of the confused state of the record here, we conclude that the trial court's decision must be reversed.

ORS 487.560 provides in pertinent part:

"(1) A person commits the crime of driving while suspended if he drives a motor vehicle upon a highway during a period when his license or permit to drive a motor vehicle or his right to apply for a license to drive a motor vehicle in this state has been suspended by a court or by the division or revoked by the division or if he drives a motor vehicle outside the restrictions of a license issued under ORS 482.475 or 482.477.

"(2) In a prosecution under subsection (1) of this section, it is an affirmative defense that:
"* * * * *.

"(b) The defendant had not received notice of his suspension or revocation as required by ORS 482.570 or in the manner provided in paragraph (c) of subsection (3) of this section.

"(3) The affirmative defense under paragraph (b) of subsection (2) of this section shall not be available to the defendant if:

"(a) The defendant refused to sign a receipt for the certified mail containing the notice; or

"(b) The notice could not be delivered to the defendant because he had not notified the division of his address or a change in his residence as required by subsection (3) of ORS 482.290; or

"(c) At a previous court appearance, the defendant had been informed by a trial judge that the judge was ordering a suspension of the defendant's license, permit or right to apply; or

"(d) The defendant had actual knowledge of the suspension or revocation by any means prior to the time he was stopped on the current charge.

"(4) Any of the evidence specified in subsection (3) of this section may be offered in the prosecution's case in chief.

"* * * * *."

Under subsection (1) the state is required only to prove in its case in chief that 1) defendant was driving upon a highway and that 2) at the time his license was suspended. The orders of suspension thus were admissible to establish suspension. As part of its case in chief, the state is not required to prove that defendant had notice. Under ORS 487.560 (2)(b) the burden is upon the defendant to assert as an affirmative defense and prove that he did not receive notice under ORS 482.570.

The above discussion would suffice for deciding this appeal, but the posture of this case requires we provide some formulation of the applicable law to guide the trial court on remand. The trial court premised its decision on the parties' stipulation that at the time the notices were mailed, the method of notice did not comply with the then applicable provisions of ORS 482.570. The state contends, nonetheless, that since the notice complies with the 1975 amendments to ORS 482.570 which were part of the Motor Vehicle Code revision in effect when defendant was charged, Chapter 451, Oregon Laws 1975, it was sufficient.

■ We held in *State v. Gartzke,* 35 Or App 151, 580 P2d 1062 (1978), that the validity of the notice for purposes of ORS 487.560(2)(b) is governed by the provisions of

ORS 482.570 that were in effect on the date that the notice was given. Any other rule in that case would have led to the incongruous result of retroactively invalidating a notice of suspension that was valid at the time it was given. The state contends here, however, that the 1974 and 1975 notices to defendant ripened into effective notice by virtue of ORS 487.065(1), which provides:

> "Sections 2 to 169 of chapter 451, Oregon Laws 1975, shall govern the construction of punishment for any vehicle code offense defined in Oregon Laws, 1975, chapter 451, and committed after June 27, 1975, the construction and application of any defense to a prosecution for such an offense and any administrative proceedings authorized or affected by chapter 451, Oregon Laws 1975."

Significantly, while the quoted statute which was part of Chapter 451, Oregon Laws 1975, specifies an effective date of June 27, 1975 for ORS 487.560, that same chapter also amended ORS 482.570, effective July 1, 1976. Oregon Laws 1975, chapter 451, §§ 148, 292. In view of the later effective date for the amendment to ORS 482.570, we conclude that the legislature intended that the affirmative defense defined in ORS 487.560(2)(b) be controlled by the provisions of ORS 482.570 that were operative at the time the notice was given. We adhere to our decision in *State v. Gartzke, supra.*

■■ The above, however, does not resolve all the issues presented. Even though the notice did not comply with the provisions of ORS 482.570, the affirmative defense may be defeated if the state can prove any of the matters described in ORS 487.560(3). Since ORS 487.560(3) directly relates to the application of the affirmative defense defined in ORS 487.560(2)(b), its effective date is controlled by ORS 487.065(1). The state, therefore, is entitled to present evidence with respect to the matters defined in ORS 487.560(3)(a) through (d) either as part of its case in chief, or in rebuttal. ORS 487.560(4).

Reversed and remanded.