Argued and submitted March 16, affirmed May 26, 1981

STATE OF OREGON,
*Respondent,*
*v.*
RODNEY WAYNE KLOKSTAD,
*Appellant.*

(No. L 63932, CA 19345)

628 P2d 757

Alan Viewig, Portland, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the

brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant was convicted of the crime of driving while suspended. ORS 487.560. He objected to the state's introduction of a photocopy of an envelope purporting to show a certified mailing to him of the notice of suspension on two grounds: (1) there is no provision in ORS 482.580[1] for the introduction of the envelope; and (2) the "markings" on the envelope (the post office return stamp) were inadmissible hearsay. We affirm.

■ ORS 482.580, which provides for introduction of a certified copy of the suspension order, has to do with proof of the suspension; it has nothing to do with proof of notice. The Motor Vehicles Division is required by ORS 482.570[2] to provide notice of license suspension to the affected person; this statute provides that service of the notice is accomplished by personal service or "by mailing the notice by certified mail restricted delivery, return receipt requested, to the person's address as shown by division records, * * *." The copy of the envelope was introduced to show that the state had met the statutory notice requirement. Defendant does not argue it did not. In *State v. Gartzke,* 35 Or App 151, 580 P2d 1062 (1978), another driving while suspended case where defendant claimed lack of notice under former ORS 482.570,[3] we said, "When the required procedure is followed, proof of it alone is sufficient evidence upon which

---

[1] ORS 482.580 provides:

"Notwithstanding the provisions of subsection (1) of ORS 43.330, proof of the order of suspension may be made by submitting to the court a copy of the order of suspension certified as a correct transcript thereof by an officer or an employe of the division."

[2] ORS 482.570 provides:

"When the division, as authorized or required, suspends, revokes or cancels a license or the right to apply for a license to operate motor vehicles, it shall give notice of such action to the person whose license or right is affected. The notice shall state the nature and reason for the action and, in the case of a suspension, whether it was ordered by a court. Service of the notice is accomplished either by mailing the notice by certified mail restricted delivery, return receipt requested, to the person's address as shown by division records, or, by personal service in the same manner as a summons is served in an action at law."

[3] At the time defendant's notice of suspension was sent in *Gartzke,* ORS 482.570 provided:

to base a finding that defendant received notice of suspension of his driver's license." 35 Or App at 154. The admission of the envelope to prove notice was proper.

■ Defendant's second assignment of error is that allowing the jury to see the post office "return to sender unclaimed" stamp on the front of the envelope amounted to the introduction of inadmissible hearsay evidence. Defendant argued this out-of-court statement tended to rebut his affirmative defense that he received mail at the address shown in *Motor Vehicles Division* records, but never received this particular letter. We need not determine whether the post office stamp was hearsay because the defendant was not entitled to the benefit of the affirmative defense.

Defendant was attempting to rely on ORS 487.560(2)(b), which provides:

"In a prosecution under subsection (1) of this section it is an affirmative defense that:

"* * * * *

"The defendant had not received notice of his suspension or revocation as required by ORS 482.570 or in the manner provided in paragraph (c) of subsection (3) of this section."

Another part of the statute, however, limits the availability of this defense. ORS 487.560(3)(c) states:

"The affirmative defense under paragraph (b) of subsection (2) of this section shall not be available to the defendant if:

"* * * * *

"The notice could not be delivered to the defendant because he had not notified the division of his address or a change in his residence as required by subsection (3) of ORS 482.290."

ORS 482.290 requires licensed drivers to "notify the division of any change of residence from that noted on their

---

"Service of the notice is accomplished either by mailing the notice certified mail, return receipt requested, or at the option of the division, by personal service in the same manner as a summons is served in an action at law. When notice sent by certified mail is returned, the receipt unsigned, service of notice shall be accomplished by personal service in the same manner as a summons is served in an action at law."

This statute was amended to include its present language by Oregon Laws 1977, ch 882 § 12.

license as issued by the division." At trial, defendant admitted he lived, not at the address shown in Motor Vehicles Division records, which was that of his parents, but at his ex-wife's address in southwest Portland. The citing officer testified that, when stopped, defendant gave a southwest Portland address and said he had not lived at the northeast Union Avenue address shown in division records for three years, although he said he received mail there. He admitted he had never informed the division of any change of address. The lack of notice defense was thus not available. *See State v. Gartzke, supra,* 35 Or App at 154, n. 2. The conviction is affirmed.

Affirmed.