Argued and submitted October 10, 1983, affirmed February 22, reconsideration denied April 6, petition for review denied April 24, 1984 (297 Or 82)

# STATE OF OREGON,
*Respondent,*

*v.*

# JERRY A. HOFFMAN,
*Appellant.*

(M207283, 84; CA A28082)

677 P2d 72

Mark Smolak, Portland, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant was convicted of driving while suspended and of having an expired vehicle license. He appeals, contending *inter alia* that (1) he should have been allowed to argue to the jury that it has the power under Oregon Constitution, Article I, section 16, to disregard the judge's instructions; (2) handwritten statements on an envelope mailed to defendant by the Motor Vehicle Division were inadmissible hearsay; and (3) the trial court should have given an instruction on the infraction of no operators license as a lesser included offense of driving while suspended.[1] We affirm.

■ Article I, section 16, provides:

> "In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the court as to the law, and the right of new trial, as in civil cases."

Defendant contends that this section permits him to argue to the jury that it has the power to disregard the instructions of the court. We disagree. In *State v. Daley,* 54 Or 514, 103 P 502, 104 P 1 (1909), the Supreme Court interpreted this section to mean that

> "* * * [t]he jury in the trial of a criminal action in this state have [sic] the power to disregard the instructions of a court and to find a defendant not guilty. A verdict of that kind cannot be set aside. * * *" 54 Or at 521.

From this interpretation, we conclude that Article I, section 16, merely acknowledges that which is inherent in all juries— the power to acquit; it is not a grant of authority to a defendant to ask a jury to exercise that power despite the applicable law as instructed by the court. The trial court, therefore, did not err in barring defendant from arguing that way to the jury.

■ Defendant also assigns as error the introduction in evidence of an envelope sent to him by the Motor Vehicles Division, on the front of which appeared the handwritten notation "refused." He contends that the notation is hearsay and therefore inadmissible. We need not determine whether the notation is hearsay or, even if hearsay, inadmissible.

---

[1] Defendant's other assignments of error do not merit discussion.

Assuming, without deciding, that both propositions are correct, the evidence was nonetheless harmless. Defendant urges only that he did not have the opportunity to confront the author of the notation; it is impossible to see how that could have mattered, inasmuch as defendant had not raised the affirmative defense of lack of notice available under ORS 487.560(2)(b). *See State v. Klokstad,* 52 Or App 487, 628 P2d 757 (1981). The error, if any, was harmless.[2]

Finally, defendant contends that the trial court should have given his requested instruction on driving with no operators license, ORS 482.040, because that offense is a lesser included offense. He relies on *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975), in which the Supreme Court stated:

> "Thus, either the defendant or the prosecutor can request an instruction as to lesser offenses which are included either under the statutory definition or under the *indictment charging the crime.*" 273 Or at 836. (Emphasis supplied.)

Defendant does not, in this case, claim that the offense of no operator's license is a lesser included offense of driving while suspended under the statutory definition. He relies only on the language of the charging instrument—in this case, a Uniform Traffic Citation (UTC). The police officer who cited defendant checked the boxes on the UTC marked "no license," "operator" and "suspended." He also checked the box marked "traffic crime." He did not mark the one labelled "traffic infraction." Defendant claims that this combination of checkmarks means that he could have been convicted, under this one traffic citation, of either driving without an operator's license or driving while suspended.

■■ Defendant is incorrect. A common sense reading of the citation, especially in light of the fact that the "traffic crime" box was checked, requires the conclusion that the citation charged only the more serious offense. Even without the checking of the "traffic crime" box, however, we would give the citation the same construction. The purpose of the UTC is to permit a charge against a motorist to be made with a minimum of formality. *State v. Ebert,* 10 Or App 69, 70, 498

---

[2] Defendant does *not* argue that the word "refused" was prejudicial evidence of other crimes, bad acts or the like. Accordingly, we do not reach that question.

P2d 792 (1972). The UTC is not controlled by the more technical provisions which apply to indictments. *State v. Waggoner,* 228 Or 334, 337, 365 P2d 291 (1961). Defendant was not entitled to his requested instruction.

Affirmed.