Argued and submitted April 24, ballot title certified as written April 26, 1990

**FAUVRE,**
*Petitioner,*

*v.*

**ROBERTS,**
*Respondent.*

(SC S37037)

791 P2d 128

Robert Fauvre, Eugene, argued the cause and filed the petition *pro se.*

No appearance *contra.*

GILLETTE, J.

## GILLETTE, J.

This is an original proceeding for review of a ballot title for an initiative measure to amend the Oregon Constitution. Petitioner, the chief sponsor of the measure, challenges the ballot title certified by the Attorney General to the respondent Secretary of State on the grounds that the ballot title "does not adequately describe the real purpose of the initiative," is "illogical and misleading," and is not "neutral in tone." We hold that the ballot title is not deficient in any respect argued by petitioner, and therefore certify it as written.

The proposed measure would amend Article I, section 16, of the Oregon Constitution, which presently provides:

"Excessive bail shall not be required, nor excessive fines imposed. Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense. *In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law, and the right of new trial, as in civil cases.*"

(Emphasis supplied.) The proposed measure would delete the emphasized final sentence of the present constitutional provision and substitute the following:

"It is the natural right of every citizen of the state of Oregon, when serving on a criminal-trial jury, to judge both the law and the facts pertaining to the case before the jury, in order to determine whether justice will be served by applying the law to the defendant. It is mandatory that all jurors be informed of this right. Before the jury hears a case, and again before jury deliberation begins, the court shall inform the jurors of their rights in these words: 'As jurors, your first responsibility is to decide whether the prosecution has proven beyond reasonable doubt every element of the criminal charge. If you decide that the prosecution has proven beyond reasonable doubt every element of the criminal charge but that you cannot in good conscience support a guilty verdict, you are not required to do so. To reach a verdict which you believe is just, each of you has the right to consider to what extent the defendant's actions have actually caused harm or otherwise violated your sense of right and wrong. If you believe justice requires it, you may also judge both the merits of the law under which the defendant has been charged and the wisdom of applying that law to the

defendant. Accordingly, for each charge against the defendant, even if review of the evidence strictly in terms of the law would indicate a guilty verdict, you have the right to find the defendant not guilty. The court cautions that with the exercise of this right comes the full moral responsibility for the verdict you bring in.' As part of their oath, the jurors shall affirm that they understand the information concerning their rights which this section requires the court to give them, and that no party to the trial may be prevented from encouraging jurors to exercise this right. For the jurors to be so informed is declared to be part of the defendant's fundamental right to trial by jury, and failure to conduct any criminal trial in accordance with this section shall not constitute harmless error, and shall be grounds for a mistrial. No potential juror may be disqualified from serving on a jury because he or she expresses willingness to judge the law or its application, or to vote according to his or her conscience."

In a nutshell, the proposed measure would enshrine in the Oregon Constitution the concept of "jury nullification" — an acquittal in the face of evidence which would support a conviction, based upon the jurors' assessment that the law under which the defendant is charged is unjust, the defendant is not blameworthy, or both.

The Attorney General has certified to the Secretary of State the following ballot title:

### "AMENDS CONSTITUTION: PERMITS JURY TO ACQUIT CRIMINAL DEFENDANT PROVEN GUILTY

"Question:  Shall constitution be changed to require that judge tell jurors they may acquit criminal defendant even when proven guilty?

"Summary:  Amends state constitution. Jurors in criminal case now told to follow the law as stated by the judge. Judge need not tell jurors they have the power to find the defendant not guilty even if the facts and the law show person is guilty. Measure would require that judge tell jurors they have such a right and sets forth statement judge must make. Defendant's jury trial right includes court's duty to inform the jurors. No party at trial may be stopped from urging jurors to exercise this right."

Petitioner attacks all three parts of the ballot title, *viz.*, the Caption, Question, and Summary, but his arguments proceed from common premises and may all be disposed of in our discussion of his attack on the Caption.

Petitioner makes two arguments concerning the Caption. First, he argues that the Caption is illogical and confusing to a prospective reader in its use of the phrase, "defendant proven guilty." Guilt, petitioner argues, is not proved until the jury says it is by returning a "guilty" verdict; if the jury returns any other verdict, the defendant never was "guilty."

■■ ORS 250.035(1) requires that the ballot title of any measure to be initiated or referred shall include "[a C]aption of not more than 10 words which reasonably identifies the subject of the measure." The challenge facing the Attorney General in attempting to explain the subject of this measure — jury nullification — objectively and in ten words cannot be overstated. The petitioner argues that a phrase such as "Amends constitution; clarifies rights of jurors in criminal trials" would suffice, but such a Caption would, in our view, be nearly meaningless. It would tell voters nothing about jury nullification.[1]

Neither is the Attorney General's ballot title legally insufficient. It is true that the phrase, "defendant proven guilty," could be taken negatively by some. But the phrase well captures what the proposed measure actually does. Jurors are to be told, at the close of a criminal case, that they first are to determine whether the evidence convinces them beyond a reasonable doubt of all the elements of the charge. In other words, the jurors are first to determine whether the defendant is guilty, as the criminal law in question defines guilt. Thereafter, however, the jury is authorized to nonetheless return a not guilty verdict in the teeth of the evidence if the jury "cannot in good conscience support a guilty verdict" for any of several reasons. As the jury instruction required by the language of the proposed measure itself sums up the jurors' role: "Accordingly, for each charge against the defendant, *even if review of the evidence strictly in terms of the law would indicate*

---

[1] Petitioner also suggested at oral argument that a fairer Caption than that certified by the Attorney General might focus on the measure's grant to jurors of an authority to assess for themselves the value and purpose of the criminal laws the jurors are being asked to enforce. Such an approach would be misleading, however. It is clear from the language of the proposed measure that it would authorize jurors to return a verdict of "Not guilty" even in cases in which the jurors entirely agreed with the language and underlying purpose of the law in question. For example, jurors would be instructed that they could acquit based, among other things, on their individual assessments of the "extent the defendant's actions have actually caused harm or otherwise violated [the juror's] sense of right and wrong."

*a guilty verdict,* you have the right to find the defendant not guilty." (Emphasis supplied.)

We believe that few, if any, voters will be misled by the Attorney General's Caption. For most people, a person who has committed acts forbidden by the criminal law is "guilty" — an idea that the proposed measure itself seems to recognize. Even if there were some better, slightly more neutral way to frame the measure's subject while still telling a potential voter something meaningful — and we cannot think of one — it is not the function of this court to rewrite ballot titles that substantially comply with the requirements of law. ORS 250.085(4). This Caption meets that standard.

Petitioner also argues that,

"[b]y using the word 'permits,' the ballot title may mislead prospective voters who have read both the title and the initiative into thinking that without passage of the initiative the jurors will not be permitted to judge the law, whereas in fact they retain such a right under the jury nullification doctrine and the Oregon Constitution."

It is not the law in this state that a jury has the "right" — as opposed to the undoubted *power* — to acquit a defendant whose guilt had been proved beyond a reasonable doubt. *See, e.g., State v. Daley,* 54 Or 514, 521-22, 103 P 502, 104 P 1 (1909); *See also State v. Hoffman,* 67 Or App 54, 677 P2d 72 (1983), *rev den* 297 Or 82 (1984). That being the state of the law in Oregon, respondent's major premise for this argument is unsound. We find no error in the Caption.

Petitioner's arguments concerning the Question and the Summary are based on the same premises as his attacks on the Caption, and suffer from the same defects. Petitioner has not shown any basis for making changes in these two portions of the ballot title, nor in the ballot title as a whole.

The ballot title previously certified by the Attorney General to the Secretary of State is certified as written.

Pursuant to ORAP 11.30(10) and notwithstanding ORAP 9.25(1), this certified ballot title will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment 10 days from the date of this decision, unless a petition for reconsideration is both filed with and physically received by the Office of the

State Court Administrator within seven days of the date of this decision. A timely petition for reconsideration will stay issuance of the appellate judgment until the court acts on all timely petitions for reconsideration. If the court denies the petition, the Administrator shall issue the appellate judgment the next judicial day after denial of the petition(s) for reconsideration.