On petition to review ballot title filed February 25; considered and under advisement on April 30, ballot title referred to the Attorney General for modification May 30, 2008

## Richard S. YUGLER,
*Petitioner,*

*v.*

## Hardy MYERS,
## Attorney General
## for the State of Oregon,
*Respondent.*

(SC S055746)

185 P3d 1110

Helen M. Hierschbiel, Tigard, filed the petition to review ballot title and the reply to respondent's answering memorandum for petitioner.

Laura S. Anderson, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

LINDER, J.

**LINDER, J.**

Petitioner seeks review of the Attorney General's certified ballot title for Initiative Petition 17 (2010). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot title). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

If enacted, Initiative Petition 17 (IP 17) would add a provision to the Oregon Revised Statutes that requires judges to give juries the following instruction:

> "The courts of the United States of America have long held that a jury may stand in judgment of both the facts of the case and the law itself. Sometimes a judge is wrong. Sometimes a prosecutor or other attorney is over-zealous or unequally eloquent. Sometimes a law is unjust.

> "As a juror in this case, you have not only the right, but also the duty to judge not only the facts of this case, but also the law. You have the right to disregard the instructions of the judge and the language of the law. You have the right to exercise your common sense and conscience and find in favor of the defendant, if you believe that following the judge's instructions or applying the language of the law in this case will result in an unjust verdict or judgment."

The Attorney General certified the following ballot title for IP 17:

> "REQUIRES INSTRUCTING JURY OF RIGHT/DUTY TO DISREGARD LAW IF VERDICT AGAINST DEFENDANT IS 'UNJUST'

> "RESULT OF 'YES' VOTE:   'Yes' vote requires judge to instruct jurors of right to disregard applicable law if juror's 'common sense'/'conscience' say verdict against defendant would be 'unjust.'

> "RESULT OF 'NO' VOTE:   'No' vote maintains current law, which commits issues of law to the judge and requires juries to apply the law as instructed by the judge.

> "SUMMARY:   Current Oregon law requires jury to apply the law as instructed by the judge. The measure

changes existing law by requiring that a specified statement be read and handed or displayed to jury, stating that a judge may be wrong, an attorney over-zealous, or a law unjust, and that jurors have a right and duty to judge both facts and law applying to the case. The statement informs jurors that they may disregard judge's jury instructions and the language of the law; informs the jurors of their 'right' to exercise 'common sense' and 'conscience' and to find in favor of the defendant if they believe following judge's instructions or language of the law would result in 'unjust' verdict (quoted terms not defined). Other provisions."

Petitioner challenges the caption, the "yes" vote result statement, and the summary.

A ballot title caption must contain "not more than 15 words that reasonably identif[y] the subject matter of the state measure." ORS 250.035(2)(a). The caption serves as the "cornerstone for the other portions of the ballot title" and therefore must identify the proposed measure's true subject matter "accurately and in terms that will not confuse or mislead potential petition signers and voters." *Green v. Kulongoski*, 322 Or 169, 174-75, 903 P2d 366 (1995). Petitioner argues that the certified caption is inaccurate because it suggests that jurors currently have "the unequivocal right and duty to disregard the law and acquit a defendant, when in fact, no such right clearly exists." *See Fauvre v. Roberts*, 309 Or 691, 696, 791 P2d 128 (1990) ("[i]t is not the law in this state that a jury has the 'right'—as opposed to the undoubted *power*—" to return a verdict that is contrary to the evidence and the applicable law). Petitioner points out that whether IP 17 would effectively give rise to such a right, and thereby change current law, is open to question. As a result, according to petitioner, referring to a "right/duty" to disregard the law is "confusing at best and misleading at worst," because it is not true that such a right currently exists and it is debatable whether one would come into existence if IP 17 were enacted.

The Attorney General agrees that, under current law, a jury does not have a right to disregard applicable law in reaching a verdict. The Attorney General also agrees that whether IP 17 would create such a right is an open question. The Attorney General disagrees, however, that the plain

wording of the caption suggests to voters that jurors either now have or under IP 17 would have such a right or duty.

Petitioners have the better of the argument. The wording in the certified caption declares that IP 17 requires trial courts to instruct a jury *"of right / duty* to disregard law." (Emphasis added.) That phrasing suggests that such a right or duty exists, when in fact it does not. *See Fauvre,* 309 Or at 696 (jury does not have the right to return a verdict that is contrary to the evidence and the law). Whether IP 17 creates such a right is debatable. On the one hand, the proposed measure does not expressly create such a right. On the other hand, it characterizes a jury's power to disregard the law as a right or duty, and requires the jury to be advised that it has the right or duty to disregard the law, thus leaving it open to argument whether the proposed measure gives rise to such a right inferentially. Consequently, for the caption to parrot the "right/duty" characterization from the proposed initiative in a way that suggests that the characterization is accurate is misleading.

Petitioner makes the same challenge to the "yes" result statement; for the same reasons, we conclude that the "yes" result statement is not accurate. *See* ORS 250.035(2)(b) (ballot title must contain a simple and understandable statement of not more than 25 words that describes the result if a state measure is approved). Again, by explaining that a "yes" vote requires a judge to instruct jurors *"of right* to disregard applicable law" (emphasis added), the statement suggests the existence of a right that does not now exist and that IP 17 may or may not create.[1]

The final prong of petitioner's challenge is to the Attorney General's summary. ORS 250.035(2)(d) requires "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." The goal of the summary is to "help voters understand what will happen if the measure is approved" and the "breadth of its impact." *Mabon v. Myers,* 332 Or 633, 640, 33 P3d 988

---

[1] We have considered other challenges that petitioner makes to the certified caption and to the "yes" result statement, and we reject them without further discussion.

(2001) (internal quotation marks omitted). Petitioner's argument is similar to, but not the same as, his challenges to the certified caption and "yes" result statement. Specifically, petitioner argues that the summary is inaccurate or misleading because it fails to tell voters explicitly that current law does not give jurors the right to disregard the law. According to petitioner, the summary must explain that point if voters are to understand how the proposed measure changes or is contrary to existing law. The Attorney General responds that the first sentence of the summary—"Current Oregon law requires jury to apply the law as instructed by the judge"— sufficiently advises voters of the state of current law. We agree. The fact that the Attorney General chose to capture the same idea in different terms does not mean that the summary fails to substantially comply with ORS 250.035(2)(d). *See Novick/Crew v. Myers*, 337 Or 568, 574-75, 100 P3d 1064 (2004) (a petitioner does not demonstrate a failure to substantially comply with statute "merely by showing that some other choice by the Attorney General would have been appropriate").[2]

■ ■ Ballot title referred to the Attorney General for modification.

---

[2] On referral, the Attorney General is free to further consider petitioner's argument in this regard, if he wishes.