Argued and submitted October 28, affirmed December 29, 2022, petition for review denied March 30, 2023 (370 Or 827)

Gilbert GUEST,
*Plaintiff-Respondent,*

*v.*

Christopher MANNENBACH,
*Defendant,*
*and*

John MANNENBACH
and Molly Mannenbach,
*Garnishees-Appellants.*

Multnomah County Circuit Court
20CV46388; A176318

524 P3d 548

Writs of garnishment were delivered to garnishees, who are husband and wife, at their home address, by certified mail, return receipt requested. Someone other than garnishees signed for the delivery. The trial court entered a default order and supplemental judgment against garnishees after they failed to respond to the writs and to two subsequent court orders. Garnishees moved to set aside the judgment under ORCP 71 B(1)(d), arguing that it was void because the writs were not "delivered" to them within the meaning of ORS 18.652(1). ORS 18.652(1) provides that a writ of garnishment may be delivered to a garnishee by personal service or by "certified mail, return receipt requested," and further provides that delivery is effective "upon receipt of the writ by the garnishee." *Held*: The trial court did not err by denying garnishees' motion to set aside the judgment as void. As a matter of statutory construction, ORS 18.652(1) permits a writ of garnishment to be delivered by certified mail, return receipt requested. It does not impose a restricted-delivery requirement or otherwise require the garnishee to personally sign the delivery receipt, nor is the garnishor required to prove actual receipt.

Affirmed.

Stephen K. Bushong, Judge. (Supplemental Judgment)

Thomas M. Ryan, Judge. (Order)

George W. Kelly argued the cause and filed the briefs for appellants.

Troy G. Sexton argued the cause for respondent. Also on the brief was Motschenbacher & Blattner LLP.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

This appeal arises out of a default judgment entered against garnishees John and Molly Mannenbach. Plaintiff arranged for the postal service to deliver two writs of garnishment to garnishees at their home address, by certified mail, return receipt requested. Plaintiff received return receipts confirming delivery. Eventually, the trial court entered a default order and supplemental judgment against garnishees. Garnishees moved to set aside the judgment under ORCP 71 B(1)(d), arguing that the writs were never "delivered" as required by ORS 18.652(1), because someone other than garnishees signed for the certified mail and garnishees never received it, and that the judgment was therefore void. The court denied the motion. Garnishees appeal. As a matter of statutory construction, we conclude that ORS 18.652(1) allows for delivery of a writ of garnishment by certified mail, return receipt requested; that the statute requires only that the receipt be returned signed, not that it be returned signed by the garnishee personally; and that actual receipt is not required for effective delivery. Accordingly, we affirm.

FACTS

We state the facts in accordance with the standard stated in *Union Lumber Co. v. Miller*, 360 Or 767, 769, 388 P3d 327 (2017).

Plaintiff had a business relationship with defendant Chris Mannenbach. A dispute arose between them, which ultimately led to plaintiff obtaining a substantial money judgment against defendant.

Seeking to collect on the judgment, plaintiff began garnishment proceedings against garnishees, who are defendant's parents, based on an alleged transfer of funds between them and defendant. On February 8, 2021, plaintiff sent two writs of garnishment to garnishees (one addressed to each of them) at their residential address. Plaintiff sent the writs through the United States Postal Service (USPS), by certified mail, return receipt requested. Plaintiff received the return receipts on February 11, 2021. As tracked by USPS, the writs were delivered on February 10, 2021, at 12:42 p.m.

Garnishees did not respond to the writs of garnishment. Garnishees also did not respond to subsequent court orders requiring garnishees to appear for examination on April 15, 2021—*see* ORS 18.778(1) ("If a garnishee fails to provide a garnishee response within the time required by law * * * the garnishee may be ordered by the court to appear at a specified time and place for an examination.")—and to appear on May 20, 2021, for the setting of a show-cause hearing—*see id*. ("In addition to or in lieu of an order to appear for examination, the court may order the garnishee to appear for a hearing under ORS 18.782 to determine whether the garnishee should be held liable for the amount specified in ORS 18.775.").

Plaintiff moved for default. The court granted the motion, based on garnishees having been served with writs of garnishment and ordered to appear and having failed to appear or respond. The court entered a default order and a supplemental judgment against garnishees, which includes a substantial money award to plaintiff.

Garnishees moved to set aside the supplemental judgment. In their initial motion, they moved to set aside the judgment under ORCP 71 B(1)(a) for excusable neglect. *See* ORCP 71 B(1)(a) (allowing the trial court to relieve a party from a judgment based on "mistake, inadvertence, surprise, or excusable neglect"). In their reply brief and at hearing, with the court's approval, they further moved to set aside the judgment as void under ORCP 71 B(1)(d). *See* ORCP 71 B(1)(d) (allowing relief from a void judgment).

Regarding voidness, garnishees argued that, under ORS 18.652(1), the delivery of the writs of garnishment was not legally effective, because garnishees did not sign for the certified mail and never received it. Garnishees pointed out that the return receipts were signed with a somewhat illegible name that starts with "K" and is not the name of anyone in their household. The receipts indicate that the delivery was "received by" K, with a checked box identifying K as "agent." Garnishees denied ever receiving the writs and offered evidence that they were both at work at the time of the certified mail delivery. Garnishees raised the possibility that defendant, who lives with them, could have intercepted

the mail. In any event, they denied receiving it. Garnishees argued that the writs were not "delivered" under ORS 18.652(1) and that the supplemental judgment was therefore void and should be set aside.

Plaintiff opposed the motion. As to voidness, he argued that ORS 18.652(1) does not require the garnishee to personally sign for certified mail delivery. The signed return receipts established that the writs were delivered to garnishees' home, which plaintiff maintained was all that was necessary for effective delivery. Plaintiff acknowledged that it was unknown who signed for the delivery. He suggested that it was likely the USPS mail carrier, because USPS modified its practices during the COVID-19 pandemic to allow for social distancing, including permitting mail carriers to sign delivery receipts. In plaintiff's view, however, it did not matter who signed the receipts; all that mattered was that the writs were confirmed delivered to garnishees' home address.

The trial court denied the motion to set aside. Garnishees appeal, assigning error to the denial of the motion to set aside the judgment as void. They do not challenge the denial of their motion to set aside the judgment for excusable neglect.

## ANALYSIS

The issue before us on appeal comes down to whether the writs of garnishment were "delivered" to garnishees under ORS 18.652(1). We understand garnishees to advance two slightly different arguments. First, they argue that ORS 18.652(1) requires that the garnishee personally sign for the certified mail, which they did not. Second, they argue that, even if someone else can sign for it, ORS 18.652(1) requires actual receipt by the garnishee, and actual receipt did not occur. Plaintiff responds that the statute does not require that the garnishee personally sign for the certified mail, or that actual receipt be proved, for delivery to be effective.

We review issues of statutory construction for legal error. *State v. Olive*, 259 Or App 104, 107, 312 P3d 588 (2013). We seek to ascertain the enacting legislature's intent by examining the disputed provision's text and context, as well

as any helpful legislative history of which we are aware. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). Text and context "must be given primary weight in the analysis," as only the text "receives the consideration and approval of a majority of the members of the legislature," and "[t]he formal requirements of lawmaking produce the best source from which to discern the legislature's intent." *Id.* at 171.

The garnishment process begins with the delivery of a writ of garnishment, a procedure governed by ORS 18.652. ORS 18.652(1) provides:

> "A writ of garnishment may be delivered to the garnishee personally or by certified mail, return receipt requested. Delivery is effective upon receipt of the writ by the garnishee. If the garnishee refuses to accept delivery by certified mail, the garnishor may attempt personal delivery, but the garnishor must have a new writ issued in order to claim additional delivery fees."

On its face, ORS 18.652(1) allows for delivery of the writ to the garnishee "by certified mail, return receipt requested," as an alternative to personal delivery. The first issue we consider is what the legislature would have understood that phrase to mean in 2001, when it enacted ORS 18.652. *See* Or Laws 2001, ch 249, § 17. Then, as now, "certified mail, return receipt requested," had a particular meaning. *See Zimmerman v. Allstate Property and Casualty Ins.*, 354 Or 271, 280, 311 P3d 497 (2014) (explaining that when terms have a specialized meaning, "we assume that the legislature used the term consistently with that specialized meaning").

Under USPS regulations, "certified mail" is a service that "provides the sender with a mailing receipt," *i.e.*, proof of mailing. US Postal Service, *Domestic Mail Manual*, No. 55, § S912 (1.1) (2000); *see also* 39 CFR § 111.1 (2022) (incorporating the mailing standards of the USPS Domestic Mail Manual). "Return receipt service" and "restricted delivery service" are additional services that may be combined with certified mail service. *Domestic Mail Manual*, § S912 (1.4). "Return receipt service" provides the sender with a "verified delivery receipt," *i.e.*, proof of delivery. *Id.* "Restricted

delivery service permits a mailer to direct delivery *only to the addressee* or addressee's authorized agent." *Id.* § S916 (1.1) (emphasis added); *see also id.* § S916 (3.1) (with limited exceptions, "[m]ail marked 'Restricted Delivery' is delivered only to the addressee or the person authorized in writing as the addressee's agent to receive mail").

The legislature chose to allow for delivery of a writ of garnishment by "certified mail, return receipt requested." ORS 18.652(1). In doing so, the legislature would have understood that the garnishor would obtain both proof of mailing (certified mail) and proof of delivery (return receipt), but that the mail would not necessarily be delivered to the garnishee personally and that someone else at the garnishee's address could sign for it. Garnishees' proposed construction would seem to require us to disregard that legislative choice and add words to the statute. *See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or substance, contained therein, not to insert what has been omitted, or to omit what has been inserted ***."). It would seem to require us to read "certified mail, return receipt requested," ORS 18.652(1), as meaning "certified mail, return receipt requested, *restricted delivery*," which is not what the statute says.

Garnishees argue, however, that the legislature did include language to impose a requirement that the garnishee sign for the certified mail, or at least that the garnishee actually receive it. They point to the second sentence of ORS 18.652(1), which states, "Delivery is effective upon receipt of the writ by the garnishee." They argue that that means that delivery is effective only upon *actual* receipt by the garnishee, as evidenced by the garnishee's signature on the receipt. Garnishees further argue that the third sentence of ORS 18.652(1), which applies "[i]f the garnishee refuses to accept delivery by certified mail," would be unnecessary if delivery could be achieved by simply having someone other than the garnishee sign for the certified mail delivery.

We conclude that ORS 18.652(1) does not impose a requirement that the garnishee personally sign for the

certified mail delivery. The statutory text is devoid of a personal-signature requirement. Moreover, the legislature knows well how to draft such a requirement when it wants to put that limitation on service. For example, ORS 46.445(3) allows for service of a small claim notice by certified mail to the defendant's last-known mailing address and requires that "[t]he envelope shall be marked with the words 'Deliver to Addressee Only' and 'Return Receipt Requested.'" ORCP 7 D(3)(a)(i) allows a complaint to be served on an individual defendant by certified, registered, or express mail with return receipt requested, but it requires that "the defendant or other person authorized to receive service signs a receipt for the certified, registered, or express mailing," and it provides that delivery is complete when "the defendant" signs the receipt. ORCP 55 B(2)(c)(iii) allows mail service of a subpoena in some circumstances, and it imposes requirements for "valid" service, including that "the witness or, if applicable, the witness's parent, guardian, or guardian ad litem, signed the receipt more than 3 days before the date to appear and testify."

Indeed, the legislature has long been on notice that, if it wants to impose a personal-signature requirement attendant to certified mail, it must do so expressly. In *State v. Gartzke*, 35 Or App 151, 153, 580 P2d 1062 (1978), the sole issue on appeal was whether the defendant had "received notice" of the suspension of his driver's license as required by a particular statute. The statute allowed the Motor Vehicle Division to send a suspension notice by "certified mail, return receipt requested." *Id.* (discussing *former* ORS 482.570 (1974), *amended by* Or Laws 1975, ch 451, § 148, *repealed by* Or Laws 1983, ch 338, § 978). The department mailed the suspension notice to defendant at his parents' address, which was the address on file for him, and his father signed for the delivery. *Id.* The defendant contended that the notice was invalid because he did not sign for it himself and did not receive it. *Id.* We disagreed, concluding that the statute "did not require that the receipt be signed by the addressee, but merely required that the receipt be returned signed." *Id.* at 153-54. "When the required procedure is followed, proof of it alone is sufficient evidence upon

which to base a finding that defendant received notice of the suspension[.]" *Id*. at 154.[1]

Similarly, here, by its plain language, ORS 18.652(1) requires only that the writ be sent to the garnishee by certified mail, return receipt requested; that is, it requires only that the receipt be returned signed, not that it be returned signed by the garnishee personally. The second sentence of ORS 18.652(1) ("Delivery is effective upon receipt of the writ by the garnishee.") potentially might be read to impose an actual-receipt requirement—a separate argument that we address shortly—but it cannot be read to impose a personal-signature requirement. As for the third sentence of ORS 18.652(1) ("If the garnishee refuses to accept delivery by certified mail, the garnishor may attempt personal delivery, but the garnishor must have a new writ issued in order to claim additional delivery fees."), we disagree with garnishees that it serves no purpose absent a personal-signature requirement. The third sentence contemplates a scenario in which the garnishee answers the door and refuses to accept delivery, and it addresses when additional delivery fees for personal service can be obtained. The fact that, sometimes, another person will answer the door or otherwise be present to sign for delivery does not defeat the purpose of the third sentence.

Having concluded that ORS 18.652(1) does not require that the certified mail receipt be signed by the garnishee personally, we next consider whether the statute requires actual receipt by the garnishee for delivery to be effective. Garnishees argue that, even if someone other than the garnishee can sign for the certified mail, the statute requires actual receipt by the garnishee for delivery to be effective. For that argument, they again rely on the second sentence of ORS 18.652(1), which states, "Delivery is effective upon receipt of the writ by the garnishee."

We are unpersuaded that the legislature intended to impose an actual-receipt requirement for delivery of a

---

[1] As an aside, we also noted that the legislature had recently amended the statute to add a personal signature requirement. *Gartzke*, 35 Or App at 153 n 1 (noting that the statute was amended in 1975 to require that the notice be mailed "by certified mail *restricted delivery*, return receipt requested" (emphasis added)).

writ of garnishment to be effective under ORS 18.652(1). It would be highly unusual for a service requirement to turn on actual receipt. Such an approach would virtually guarantee factual disputes. For that and other reasons, Oregon service rules tend to be written in terms of what the person trying to effect service must do, not in terms of the end goal of notice. *See Davis Wright Tremaine, LLP v. Menken*, 181 Or App 332, 338, 45 P3d 983 (2002) ("[L]egally, under Oregon's sufficiency of service rules and related jurisprudence, actual notice is, essentially, irrelevant. Thus, ORCP 7 D(1) focuses not on the defendant's subjective notice but, instead, on whether the plaintiff's conduct was objectively, reasonably calculated to achieve the necessary end." (Internal citations omitted.)). If the legislature wanted to ensure actual receipt, it is much more likely that it would have added a restricted-delivery requirement to ORS 18.652(1) than imposed an actual-receipt service standard.

Moreover, if for some reason the legislature did decide to impose an actual-receipt service standard for writs of garnishment, logic dictates that it would have simply provided that any means of delivery resulting in actual receipt was permitted. If that was the intended standard, it would make little sense to identify two specific methods for the garnishor to use, including one that does not guarantee actual receipt, and then rely on a sentence about when delivery is "effective" to convey the service standard.

On the whole, in its statutory context, we agree with plaintiff that the second sentence of ORS 18.652(1) ("Delivery is effective upon receipt of the writ by the garnishee.") is intended to convey that service by certified mail, return receipt requested, is effective on the date of delivery—*i.e.*, the date that the garnishee actually or constructively receives the writ by certified mail—not any other date. That is, as relevant to calculating days from service, it is the delivery date that controls, rather than the mailing date, the first attempted delivery date, the date that the delivery receipt was returned, or any other possible date. *Cf.* ORCP 7 D(2)(d)(ii) (containing various provisions as to when service is "complete" for time-calculation purposes). Although the way that the statute is written creates some ambiguity, we ultimately conclude that that is what the legislature

intended when it drafted ORS 18.652(1), rather than intending "receipt" to refer to the moment when the garnishee personally takes the writ in hand.

Finally, in the trial court, there was much discussion of "presumptions." That discussion originated with and mostly related to garnishees' alternative argument for set aside based on their own excusable neglect. The presumption that a letter mailed in the normal course was received by the addressee is an evidentiary presumption that is relevant to a motion to set aside for excusable neglect. *See* OEC 311(1)(q) (listing presumptions that are generally applicable in civil and criminal actions, suits, and proceedings, including that "[a] letter duly directed and mailed was received in the regular course of the mail"); *Van Dyke v. Varsity Club, Inc.*, 103 Or App 99, 101-02, 796 P2d 382, *rev den*, 310 Or 476 (1990) (affirming the denial of a motion to set aside a default judgment for excusable neglect, where the party's trial counsel claimed not to have received the trial notice, but it was mailed to the correct address and was not returned as undelivered).

The discussion of presumptions has continued on appeal, however, with reference to both ORCP 7 and OEC 311(1)(q), even though excusable neglect is not at issue on appeal. We therefore briefly address the issue of presumptions. The evidentiary presumption in OEC 311(1)(q) is not relevant to whether a writ of garnishment was delivered under ORS 18.652(1). Nor are the "presumptively adequate" service methods in ORCP 7 relevant to whether a writ of garnishment was delivered under ORS 18.652(1). ORCP 7 requires service of a complaint and summons to be made "in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." ORCP 7 D(1). The rule then describes specific service methods that we have deemed "presumptively adequate" to satisfy that general standard. *Davis Wright Tremaine, LLP*, 181 Or App at 337; *see also Baker v. Foy*, 310 Or 221, 228-29, 797 P2d 349 (1990) (adopting two-step methodology to assess the adequacy of service under ORCP 7 D, including recognizing "presumptively adequate" service methods). If service is made by a "presumptively

adequate" method, then service will be considered effective, unless the defendant overcomes the presumption. *Davis Wright Tremaine, LLP*, 181 Or App at 337.

ORCP 7 has no bearing on the delivery of a writ of garnishment, which is governed by ORS 18.652(1). ORCP 7 also is written very differently from ORS 18.652(1). ORCP 7 states a general standard for service of summons, then identifies specific service methods that the courts treat as "presumptively adequate" to meet that general standard, subject to rebuttal by the defendant, with the ultimate question being whether the general standard is met. *Baker*, 310 Or at 228-29; *Davis Wright Tremaine, LLP*, 181 Or App at 337. By contrast, ORS 18.652(1) simply provides for two alternative delivery options: (1) personal delivery, and (2) certified mail, return receipt requested. There is no general standard that those delivery methods are to be tested against. Those delivery methods *are* the standard.

In sum, the trial court did not err in denying garnishees' motion to set aside the supplemental judgment under ORCP 71 B(1)(d) as void. ORS 18.652(1) permits a writ of garnishment to be delivered either personally or by certified mail, return receipt requested. Either method constitutes delivery to the garnishee. It is not necessary for effective delivery that the garnishee personally sign for the certified mail. Also, although actual notice may be relevant to excusable neglect, actual receipt is not required for effective delivery.[2]

Affirmed.

---

[2] Whether a writ of garnishment was "delivered" under ORS 18.652(1) goes to whether the judgment is *void* and therefore must be set aside. *See Wells Fargo Bank, N.A. v. Jasper*, 289 Or App 610, 613, 411 P3d 388 (2017) ("A void judgment must be set aside under ORCP 71 B(1)(d); the court has no discretion in the matter."). By contrast, excusable neglect focuses on the garnishee's conduct and allows the trial court some discretion whether to set aside under ORCP 71 B(1)(a). *See PGE v. Ebasco Services, Inc.*, 263 Or App 53, 63, 326 P3d 1274 (2014) ("In determining whether a party's failure to appear was the product of excusable neglect, the overarching issue is not whether the service agent acted reasonably, but whether the defendant acted reasonably." (Emphases omitted.)); *Much v. Doe*, 311 Or App 652, 658, 493 P3d 38, *rev den*, 369 Or 69 (2021) (recognizing that a court has discretion in deciding whether to set aside a judgment for excusable neglect).